CONCETTA ZODA and SAMUEL ZODA, Respondents, v. NATIONAL CITY BANK OF NEW YORK, as Substituted Trustee under the Last Will and Testament and Codicil of RICHARD FICKEN, Deceased, Appellant.

Second Department, December 4, 1939.

*Walter L. Glenney*, for the appellant.

*Max Sale*, for the respondents.

HAGARTY, J.   These are the usual actions by husband and wife for injuries sustained by the latter and for loss of services by the former.

On the 26th day of October, 1936, Concetta Zoda, hereinafter referred to as the plaintiff, caught her heel in a crack or open space at the head of a flight of stairs, causing her to lose her balance and fall down the stairway.   The crack or open space was from one-half to three-quarters of an inch in width, and resulted from the falling away of the molding.

Ordinarily, the defendant could not be charged with liability for this defect, as the hall stairway in question was used exclusively by plaintiff and her family.   (*Zolla* v. *Young Women's Christian Assn.*, 250 App. Div. 139.)   However, the defendant-owner had volunteered to make repairs, and did so, in the early part of July, 1936.   These repairs included the painting of plaintiff's apartment and the stairway.   To paint the stairway, the defendant removed rubber mats which covered the steps, including the one covering this defect, thus exposing it.   Its attention, through its agent, was called to the defect, and it undertook and agreed to supply and install new and proper mats to cover the stairs and the opening. This it did not do.   In August, September, and the early part of October, 1936, the agent, taxed by plaintiff with failure to fulfill its promise, informed her that the mats would come any day and " just as soon as they come I will send you the men to put it in." Under the circumstances and in view of the defendant's denials that such representations had ever been made, the jury was entitled to find that they had been made, that they were false, and that

defendant never intended to install the mats, and so to cure the defect.

The proof is silent with respect to the nature of the tenancy. If it was one from month to month, plaintiff might have quit the premises because of the defect, and so her continued tenancy may be deemed consideration for the making of the promise. In any event, the jury was entitled to find that had the defendant not made the false promise, the plaintiff herself would have acted to correct the condition, and that she was lulled into security and acceptance of the existing defective condition. The defendant did not fulfill its obligation to complete, and deception was present. The situation is sufficiently analogous to those authorities considered in *Kirshenbaum* v. *General Outdoor Adv. Co.* (258 N. Y. 489, 496, 497) to warrant recovery. It will be observed that in the *Kirshenbaum* case (*supra*) the landlord completed repairs to the roof and made no pretense of returning to make other repairs.

In view of the fact that plaintiff had hold of the banister at the time she fell and that the stairway was the only means of egress, the question of contributory negligence was one of fact. (*Dollard* v. *Roberts*, 130 N. Y. 269; *Silverman* v. *Ulrika Realty Corp.*, 239 App. Div. 194; *Lee* v. *Ingraham*, 106 id. 167.)

The judgment should be affirmed, with costs.

JOHNSTON, J., concurs; LAZANSKY, P. J., concurs in result; ADEL and CLOSE, JJ., dissent and vote to reverse the judgment and to dismiss the complaint on the authority of *Kirshenbaum* v. *General Outdoor Adv. Co.* (258 N. Y. 489).

Judgment affirmed, with costs.