SOL FORMAN, Respondent, v. BENJAMIN FORMAN, Appellant.— Action for a declaratory judgment. Order dated July 15, 1940, granting reargument and on reargument adhering to the original decision, reversed on the law, with ten dollars costs and disbursements, and defendant's motion for an examination of plaintiff before trial granted, with ten dollars costs; the examination to proceed at a time and place to be fixed in the order to be entered hereon. In our opinion defendant is entitled to examine plaintiff with respect to the acts of misfeasance and nonfeasance alleged in the counterclaim. Appeal from order dated June 19, 1940, dismissed, without costs. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur. Settle order on notice.

JOHN E. GREGORY, Respondent, v. LOUIS HAMBURGER, HARRY A. LEVINE and MAX KRAUS, Individually and as Trustees under the Last Will and Testament of ISAAC HAMBURGER, Deceased, Appellants.— Action on contract. Order denying appellants' motion to change the place of trial from Westchester county to Kings county affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.

JOHANNA HINES, Respondent, v. MARY CIELO, Appellant.— In an action by a tenant to recover damages for personal injuries sustained by reason of alleged negligence of the landlord in improperly repairing a top step or landing of a stairway which was under the sole control of plaintiff, judgment for plaintiff reversed on the law and the facts, with costs, and complaint dismissed on the law, with costs. Appeal from order denying motion for a new trial dismissed, without costs. Plaintiff's proof is that the hole in the rubber mat which was the cause of her fall was there to her knowledge both before and after the gratuitous repairing by defendant. Thus, even though there was misrepresentation and incomplete repair, there was no reliance by plaintiff upon the landlord's assurance in so far as the cause of plaintiff's fall is concerned. The incomplete repairs had nothing to do with the condition which caused the injury. Under such circumstances there can be no recovery. (*Kirshenbaum* v. *General Outdoor Adv. Co.*, 258 N. Y. 489.) Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.

HOME TITLE INSURANCE COMPANY, Appellant, v. ALROSE REALTY CORP. and Others, Defendants; ALLIE ROSENFELD and MAURICE ROSENFELD, Respondents.— Appeal by plaintiff from an order modifying a report of an official referee, fixing the value of mortgaged premises as of the date of sale in foreclosure, and directing the entry of deficiency judgment in the sum of $107.19, and interest. Order, in so far as appealed from, unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.