SVERRE KRISTIANSEN, Respondent, v. WAGNER'S STEEL ERECTORS, INC., Appellant, et al., Defendants.— Action to recover damages for personal injuries suffered by plaintiff, a structural iron worker, when the steel work upon which he was engaged collapsed. Judgment entered upon the verdict of a jury in favor of plaintiff reversed on the law, with costs, and the complaint dismissed on the law, with costs. The appellant has been cast in damages on the theory that its servant, the operator of a crane owned by it, was guilty of negligence to the injury of the plaintiff. On the proof, the judgment may not be sustained. This is not a case where a general employee of one employer is lent to another; and a question of fact arises as to whose employee he was at the time of the accident. There is no evidence here that at the time of the accident the appellant was the master of the crane operator for whose negligence it may be held liable. The undisputed evidence shows that appellant rented a crane to a contractor at a fixed rate per day; that the appellant did not pay the operator's wages; that the appellant did not have any choice, control or direction of the servant in the performance of his work; and that the appellant's will was not represented by the operator in the ultimate result of his work nor in any of its details. There is no evidence sufficient to raise an issue as to any of these elements. (See *Ramsey* v. *New York Central R. R. Co.*, 269 N. Y. 219; *Osborg* v. *Hoffman*, 252 App. Div. 587, affd. 280 N. Y. 523.) The questions of fact have been considered and a new trial would be granted on the ground that the verdict is against the weight of the evidence if the complaint had not been dismissed as matter of law. Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ., concur.

HARRY J. MILLER et al., Copartners Doing Business under the Name of PEARL WASTE MATERIAL CO., Respondents, v. HOME INSURANCE COMPANY et al., Appellants.— Action to recover on six policies of fire insurance. Order denying defendants' motion to compel plaintiffs to furnish a bill of particulars, and order denying in part defendants' motion to examine plaintiffs before trial, insofar as appealed from, affirmed, with ten dollars costs and disbursements. No opinion. Close, P. J., Hagarty, Carswell, Johnston and Lewis, JJ., concur.

GRACE MILLER et al., Respondents, v. WINCHESTER NOYES, Appellant.— The action is in negligence against a landlord to recover damages for personal injuries alleged to have been suffered by the plaintiff wife when she slipped and fell upon a stoop voluntarily repaired and reconstructed by the landlord at the premises where she resided, and by her husband for loss of consortium, etc. The claimed defect is in the pitch or slope of the floor of the porch. It is admitted that both plaintiffs knew of the alleged defective condition for some months prior to the accident. There is no claim that any false representations were made or relied on by the plaintiffs. No actionable negligence was established. (*Kirshenbaum* v. *General Outdoor Adv. Co.*, 258 N. Y. 489, 496; *Zoda* v. *National City Bank of New York*, 258 App. Div. 168, affd. without opinion 282 N. Y. 774; *Hines* v. *Cielo*, 260 App. Div. 878, affd. without opinion 285 N. Y. 786; Restatement, Torts, § 362; Bohlen, Studies in the Law of Torts, pp. 212, 224.) Judgment reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs. The finding implicit in the verdict of the jury that the porch platform was negligently constructed is against the weight of the evidence. Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ., concur.