THE PEOPLE OF THE STATE OF NEW YORK ex rel. ABRAHAM H. ELKIND et al., Appellants, v. ABRAHAM ROSENBLUM et al., Respondents.— This is an action in quo warranto to determine whether appellants or respondents are entitled to the offices of members of the Board of Education of the City of Yonkers. There is no dispute as to the facts, and the issue was determined by the Special Term in favor of respondents on motions directed to the pleadings. The appeal is from the order denying appellants' motion to strike out the affirmative defense contained in the answer of respondent Rosenblum, granting respondent Crocker's motion to dismiss the complaint as insufficient, and directing judgment in favor of respondents, and from the judgment entered thereon. Order and judgment unanimously affirmed, with $10 costs and disbursements, upon the opinion of the Special Term. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ. [184 Misc. 916.] [See *post*, p. 946.]

CLARA W. RAMBO, an Infant, by ANNA E. RAMBO, Her Guardian ad Litem, et al., Respondents, v. SAMUEL LONGMORE et al., as Executors of MARJORIE F. LONGMORE, Deceased, Appellants.— Action in negligence against the landlords of a one-family house to recover for personal injuries suffered by the infant plaintiff, daughter of the tenant, when she fell from the higher of two wooden steps located between the front porch and the ground; and by the infant plaintiff's mother for expenses and loss of services. The steps were voluntarily constructed by appellants in 1938. The injured plaintiff used the steps once or twice daily for five years prior to the accident. The claimed defect is in the construction of the steps. On one step the tread was eleven inches deep and on the other it was twelve inches. The heights of the three risers were respectively seven inches, eight and a quarter inches, and six inches. The theory of the action is that the appellants, although volunteers, made a negligent construction. Judgment reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs. The proof fails to establish actionable negligence in the construction, or causal connection between the construction and the infant plaintiff's fall. (*Miller* v. *Noyes*, 268 App. Div. 797, affd. 294 N. Y. 755; *Hines* v. *Cielo*, 260 App. Div. 878, affd. 285 N. Y. 786.) The instruction to the jury, to the effect that plaintiffs could recover upon the landlords' gratuitous promise to correct the condition and the failure of the latter to do so, was erroneous. Appeal from resettled order denying defendants' motion to dismiss the complaint and for other relief, dismissed, without costs. Hagarty, Acting P. J., Johnston, Adel, Lewis and Aldrich, JJ., concur.

FRANK RICHARDS, Respondent, v. MINERVA B. RICHARDS et al., Appellants.— Action to recover for work, labor and services performed and materials furnished. Resettled order denying defendants' motion to set aside an arbitration agreement, and for other relief, affirmed, with $10 costs and disbursements. No opinion. Close, P. J., Johnston, Adel, Lewis and Aldrich, JJ., concur. [See *post*, p. 902.]

HARRY SANTORO, Appellant, v. MARY Q. SANTORO, Respondent.— In an action for absolute divorce, order granting defendant wife's application for counsel fees affirmed, with $10 costs and disbursements. No opinion. Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ., concur.