Domenick L. Gabrielli, J.
In these actions for declaratory judgment, the plaintiffs seek a determination that Local Law No. 8 adopted by the Council of the City of Rochester on May 28,1963, is unconstitutional, null and void, and beyond the jurisdiction of the City Council; and further seek a permanent injunction against the defendant, Board of Education, because of threatened acts pursuant to the claimed illegal local law.
It would be well to here point out that all parties have conceded and stipulated that there are no questions of fact; that the controversy is one to be determined by this court as a matter of law; and that judgment will be entered accordingly.
The issues in these two actions are similar and counsel for all parties have, therefore, agreed that both actions be determined simultaneously. Although these matters were argued some time ago, all counsel requested additional time within which to submit briefs. The time to do so has now expired.
Nearly 50 years ago, by legislative enactment, and as the result of various negotiations, hearings and agreements, a substantial portion of the Town of Greece, including the Village of Charlotte, was annexed to and by the City of Rochester. Chapter 359 of the Laws of 1915 was enacted by the Legislature, after acceptance by the city, signed into law by the Governor and became effective on January 1, 1916. This enactment amended chapter 755 of the Laws of 1907, which was the statute “ constituting the charter of the City of Rochester ’ ’ and which provided for its government and duties and it also delineated the boundaries of the city. This enactment (L. 1915, ch. 359), to which we shall refer as one of the annexation statutes, provided for the physical annexation by the City of Rochester of most of School District No. 4 of the Town of Greece, the Village of Charlotte, and other areas of the Town of Greece. Included in the annexation were the elementary and high schools of Charlotte, the Village of Charlotte and another substantial *805 portion of School District No. 4 of the Town of Greece. There were additional annexation statutes referring to the Towns of Brighton and Gates as well as additional districts in Greece, to which we will make further reference.
The annexation statute further provided and directed that the Board of Education of the City of Rochester receive children residing in that portion of School District No. 4 which was not annexed, as it existed on May 1,1915 without payment of tuition. Chapter 547 of the Laws of 1918 as adopted, and an amendment of the City Charter on April 6, 1922, provided for further annexation of lands of the Towns of Greece, Gates and Brighton and provided and directed that the free tuition rights be extended to School District No. 6 of the Town of Gates, District Nos. 4, 8 and 10 of the Town of Greece and Nos. 2, 5 and 10 of the Town of Brighton.
Thereafter, this arrangement, created by the Legislature, with the approval and consent of the municipalities involved, remained unchanged for over 40 years when the City of Rochester adopted a local law on May 28, 1963 which purported to amend those parts of the annexation statutes which granted free tuition to children in the named districts. The local law to be effective September 1, 1964 merely changed the phrase ‘1 without the payment of tuition ” to “ upon the payment of tuition” and also added the phrase “ upon such terms as the Board (of Education) may by resolution prescribe ”.
It would be well to here point out that pursuant to the annexation statutes (1) various and substantial areas of the affected school districts and towns were annexed to and became a part of the City of Rochester; (2) the title to all real and personal property belonging to the affected areas in the village, towns and school districts was transferred to the city; (3) all moneys on hand were directed to be paid to the city; (4) all books, deeds, tax rolls and documents belonging to the school districts were directed to be transferred and delivered to the city; (5) and all levied and uncollected taxes upon the affected areas were declared to be the property of the city.
It further appears that the controversy before the court involves several hundred school children; and that the city has been over all these years, receiving State aid based on the attendance of children in the city schools from the affected area. This annually amounts to large and very substantial sums. This is admitted in the answer of the defendant city as well as the fact that the city has been receiving its portion of the retail sales tax and compensating use tax designated for educational purposes, from Monroe County outside the city, based upon the *806 average daily attendance of children from the school districts involved.
The plaintiffs claim that the local law adopted by the city is invalid. On the other hand it is the claim of the defendants that, not :only is the local law valid, but also that that part of the annexation statutes providing for free tuition is unconstitutional.
The annexation statutes are a valid exercise of the powers of the New York State Legislature and are constitutional.
The defendants contend that the local law in question, which purports to amend the enactments of the Legislature, is authorized by the provisions of the Constitution and the City Home Buie Law. Subdivision 1 of section 11 of the City Home Buie Law, insofar as it is applicable here, and in effect at that time, provided that “ Subject to the restrictions provided in this chapter, the local legislative body of a city shall have power to adopt and amend (a) local laws in relation to the property, affairs or government of the city (Emphasis supplied.) The Board of Education is a separate corporate body and the property, affairs or government of the city does not include the Board of Education.
It is conceded by the city that the Board of Education is a body corporate under section 2551 of the Education Law. In holding that a city Board of Education is a body corporate and a separate entity, the Court of Appeals in Lanza v. Wagner (11 N Y 2d 317, 326) went on to state that “ ‘ If there be one public policy well-established in this State ’, this court declared in Matter of Divisich v. Marshall (281 N. Y. 170, 173, supra), ‘ it is that public education shall be beyond control by municipalities and politics. The Board of Education of the City of New York is not a department of the city government, it is an independent corporate body ’ ’ ’.
In a case similar to the one presently before the court, it was expressly held that the Legislature, by general law, has provided for a complete system of public education, and imposed upon the boards of education, as corporate bodies, separate and apart from the municipalities in which they exist, the responsibility of maintaining and administering its public school system. (People ex rel. Wells & Newton Co. v. Craig, 232 N. Y. 125.) This authority to operate and manage the school system, of course, is subject to legislative enactments of the State and in its administration of the school system, the Board of Education operates within the orbit of the rules and prerogatives emanating from the Education Law and other enactments of the State.
In People ex rel. Elkind v. Rosenblum (184 Misc. 916, affd. 269 App. Div. 859, affd. 295 N. Y. 929) the question presented *807 was whether the city had the authority to adopt a local law, having to do with the workings of the Board of Education, and which would restrict actions authorized by the State Education Law. The court (184 Misc. 916, 919), in holding that public education is a State and not a city function, said that 11 If such power existed, it must be found in the State Constitution, or in State legislation enacted pursuant thereto. The city, which is a municipal corporation, is a creature of the law. The law defines its powers and duties. It has no more right to act in excess of the powers granted to it than has a private corporation. (Brooklyn City Railroad Co. v. Whalen, 191 App. Div. 737.) Public education is essentially a state and not a city function. (Gunnison v. Bd. of Education, 176 N. Y. 11.) ” (Italics supplied.) In that case the court (p. 921) went on to say that “ Moreover, the Constitution expressly excluded from the power granted to cities to adopt local laws, whether adopted by local legislation, or by popular vote, any enactment which might apply to or affect the administration of the public school systems in such cities. Administration is generally understood to mean management, direction or supervision ’ ’.
It is the holding of this court that (1) the annexation statutes were constitutionally valid and within the rights and powers of the State Legislature; and (2) that the action of the city in adopting the local law in question was unconstitutional; and that its attempt to amend the legislative enactments of the State in this area of education, was null and void.
The motions of the plaintiffs for summary judgment in these actions are granted.