Sidney A. Fine, J.
This is an application for an order declaring valid a petition pursuant to section 37 of the Municipal Home Buie Law.
The petitioner seeks to have a proposed local law submitted to the electors of the City of New York. The proposed local law amends section 522 of the City Charter so as to forbid the Board of Education, in the annual reports to the Mayor required of it, from making recommendations “ contrary to the traditional concept of the neighborhood school ’ ’. It is well settled that ‘ ‘ the administration of public education is a State function” (Lanza v. Wagner, 11 N Y 2d 317, 326). Section 11 (subd. 1, par. [c]) of the Municipal Home Buie Law prohibits the enactment of a local law which supersedes a State statute if the local law applies to or affects “ the maintenance, support or administration of the educational system in such local government ”. The Court of Appeals has recently held (Matter of Balaban v. Rubin, 14 N Y 2d 193, 199) that the Board of Education has “ express statutory power to select a site for a new school and to ‘ determine the school where each pupil shall attend ’ (Education Law, §§ 2556, 2503, subd. 4, par. d).” The proposed local law would thus, in effect, supersede the State statutes referred to by the Court of Appeals. Furthermore, article IX (§ 2, par. [c]) of the State Constitution forbids the adoption of a local law ‘ ‘ inconsistent with * * * any general law”. Subdivision 4 of section 37 of the Municipal Home Buie Law permits a local law amending a city charter to be inconsistent with a State statute only if the State statute is one ‘ ‘ which may be amended by local law ’ ’. In view of the constitutional provision referred to, the provisions of the Education Law may not be amended by a local law. The language of the court in People ex rel. Elkind v. Rosenblum (184 Misc. 916, 921, affd. 269 App. Div. 859, mot. for lv. to app. den. 295 N. Y. 824) is apposite. “ The city had no right, however, to adopt local laws by the vote of its electors, any more than it had to adopt such laws by action of its legislative body, if authority for such legislation had not been granted, by the Constitution, or by statute. Moreover, the Constitution expressly excluded *923 from, the power granted to cities to adopt local laws, whether adopted by local legislation, or by popular vote, any enactment which might apply to or affect the administration of the public school systems in such cities.” It follows that the proposed amendment of section 522 of the City Charter is invalid.
The petition should be denied for an additional reason. It seeks to have the proposed local law “ submitted to the electors of the City of New York at the next general election”. The proposed local law provides that it shall take effect “ January first, nineteen hundred sixty-five subject to prior approval by the electors of the city at the general election in the year nineteen hundred sixty-four. ’ ’
The petition was filed with the City Clerk on July 6, 1964. The latter is required, “Whether or not he finds the petition sufficient” to “transmit such proposed local law forthwith to the legislative body” (Municipal Home Eule Law, § 37, subd. 6). If the local legislative body fails to adopt the local law as its own within two months following the filing thereof, an additional petition may be filed with the City Clerk “ at least two months and not more than four months after the filing of the original petition ”, requiring submission of the local law “ at the next general election held not less than sixty days after the filing of such additional petition ” (§ 37, subd. 7).
It is clear that the original petition was filed too late to permit the proposed local law to be submitted to the electors “ at the next general election ’ ’, as requested in the petition. The ‘1 additional petition” required by the statute may not be legally filed until two months after July 6, 1964, the date the original petition was filed, viz., September 6, 1964. The proposed local law may not be legally submitted to the electors until at least 60 days thereafter, viz., November 5, 1964. Election Day in the year 1964 is, however, November 3, 1964, less than 60 days after the earliest date the “ additional petition” could legally be filed. It follows that no useful purpose could be served by determining whether or not the City Clerk’s objections to the original petition are well taken. The fact that the City Clerk did not include the untimeliness of the filing of the petition among his objections cannot operate as a waiver of the time schedule prescribed by the statute. The City Clerk is without power to waive the statutory provisions fixing the time when the additional petition must be filed. Nor may it be successfully argued that the court is obliged to pass upon the validity of the City Clerk’s objections in order that the local legislative body may be guided by the court’s determination in deciding whether or not to adopt the local law as its own, thus *924 dispensing with the need for an additional petition. The petition has been submitted to the local legislative body in conformity with the provision that the City Clerk shall transmit it “ Whether or not he finds the petition sufficient ”. That body is not bound by the City Clerk’s opinion as to the sufficiency of the petition. It may adopt the local law even if the City Clerk deemed it insufficient. The object of the provision for judicial determination of the City Clerk’s objections to the petition is to enable the proposed local law to be placed on the ballot and submitted to the voters if the local legislative body fails to adopt the local law as its own. The purpose is not to give the local legislative body the benefit of the court’s opinion as to the validity of the objections. Since the proposed local law may not be placed on the ballot for the next general election, the motion should be denied as academic.
It is, accordingly, unnecessary to consider-whether the objection of the City Clerk to the validity of the proposed amendment to section 521 of the charter is, like the amendment to section 522, one which may not legally be effected by a local law. Both sections 521 and 522 are sought to be amended by a single local law. It is likewise needless to consider the validity of the City Clerk’s other objections to the petition. Motion denied.