■ BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 4 OF THE TOWN OF GREECE, Respondent, v. BOARD OF EDUCATION OF THE CITY OF ROCHESTER et al., Appellants. (Action No. 1.) DOUGLAS C. MAY et al., as Parents of MARTIN C. MAY, et al., Respondents, v. BOARD OF EDUCATION OF THE CITY OF ROCHESTER et al., Appellants. (Action No. 2.) — Judgment unanimously affirmed, with costs. Memorandum: In seeking to uphold the validity of the Local Law adopted May 28, 1963, which purported to terminate the right, granted by the Legislature over 40 years ago to children resident in the unannexed portions of the school districts here involved, to attend Rochester public schools without payment of tuition, appellants asserted at

Special Term that the local law was one which the City Council had power to enact under the then section 11 of the City Home Rule Law as a law relating "to the property, affairs or government" of the city. They now seek to maintain the enactment, apparently for the first time on this appeal, on the ground that it was an exercise of taxing power by the city, which was within its authority under the same statute. The local law may not reasonably be included within either description, but even if it might be so considered, it still violates the prohibition of section 21 of the City Home Rule Law then in effect, enjoining enactment of a local law affecting the education system in a city "Notwithstanding any provision of this chapter", if such local law supersedes a State statute. It is well established that education is a State function not within the scope of local legislation. (*People ex rel. Elkind* v. *Rosenblum,* 184 Misc. 916, affd. 269 App. Div. 859, affd. 295 N. Y. 929.) (Appeal from judgment of Monroe Special Term granting a summary and declaratory judgment to plaintiffs.) Present — Bastow, J. P., Goldman, Henry, Noonan and Del Vecchio, JJ. [43 Misc 2d 803.]