In the Matter of ARTHUR H. KAHN, Respondent, v. EUGENE M. BECKER, as Director of the Budget of the City of New York. Appellant.

First Department, May 23, 1967.

*Eric J. Byrne* of counsel (*Stanley Buchsbaum* with him on the brief; *J. Lee Rankin, Corporation Counsel*), for appellant.

*Arthur H. Kahn,* respondent in person.

*Per Curiam.* Petitioner is counsel to the Board of Higher Education. His position is officially entitled Law Assistant, Grade 4, for which there is no maximum salary. On February 28, 1966, the board recommended that the petitioner's salary be increased from $17,500 to $19,350 per annum. Respondent, the Budget Director, submitted the proposal to the Mayor with the recommendation that it be not approved. And it was not. Petitioner, by this article 78 proceeding, seeks to compel respondent Budget Director to issue a certificate as of March 10, 1966.

to the effect that his salary has been adjusted at the rate of the new figure. Special Term has awarded petitioner the relief requested.

There is no question but that the Board of Higher Education in its appropriation has the funds to meet the increase granted. The issue here is whether the salary raise can be effectuated without the Mayor's approval. Specifically, the question is whether that approval is required by statute.

Section 6214 of the Education Law provides that salary schedules in instituions under the jurisdiction of the Board of Higher Education shall be no lower than those established and in effect on January 1, 1965. There then follows a list of 15 positions in the service of the board, in which legal assistants are not included. Subdivision 16 is headed: "Administrative employees." It contains four groups. The first three do not include legal assistants. Group IV reads: "Such other administrative positions now existing and such other administrative positions as the board of higher education may establish from time to time and at such salary and salary schedules as said board of higher education may establish with the approval of the mayor of the city of New York." There follow 11 other subdivisions referring to positions none of which includes counsel or legal assistant. If the position of counsel is not included in "such other administrative positions," it appears nowhere in the elaborate list of positions under the jurisdiction of the board. And the budgets submitted by the board have always, from 1947, included the position of counsel in the group of administrative employees, together with such other positions not specifically mentioned, as its accountant, architect and engineer.

Petitioner claims that Group IV is meant to apply to clerical assistants only and to allow for the creation of clerical and like positions not in existence at the time of the passage of the section. Petitioner has submitted proof that the section was inspired by litigation involving clerical positions. But the wording of the section providing not only for positions which might thereafter be created, but existing positions not elsewhere provided for, indicates that the Legislature went beyond what may well have been the motivating need for the legislation. It would appear that section 6214 intended to cover all positions under the jurisdiction of the board, from college presidents to the lowest rungs on both the teaching and nonpedagogic staffs. There is absolutely no reason why such professional employees as physicians and dentists should be covered by the statute and lawyers omitted.

The sole distinction between positions specifically mentioned and those in Group IV is that for the former the salary orginally fixed must be approved by the Mayor and thereafter annual increments are automatic, whereas in the case of others the board may fix the starting salary anywhere between the starting minimum and the maximum and any increase is subject to the Mayor's approval.

Furthermore, if it be argued that petitioner's position is not included in Group IV, and concededly it is not mentioned elsewhere in the statute, it is difficult to see where the board gets any authority to create or fill the position. The board's power derives from subdivision 5 of section 6202, enabling it to establish positions and fix salaries. Section 6214 covers: "Salary schedules in certain public institutions of higher learning." It does not purport to cover certain salaries only but all salaries for positions in those institutions. The general power granted by section 6202 is limited as far as the institutions included are concerned, by the provisions of section 6214.

The judgment should be vacated and the petition dismissed on the law, without costs to any party as against the other.

EAGER, J. (dissenting). The determination of the majority to reverse the order and judgment rendered at Special Term tends to infringe upon the powers of the Board of Higher Education as an autonomous body. The board is created as a "separate and distinct body corporate" (Education Law, § 6202, subd. 1) and is expressly vested with the authority to "govern and administer that part of the public school system within the city [of New York] which is of collegiate grade and which leads to academic, technical and professional degrees." (Education Law, § 6201.) Except as is expressly provided by statute, the board is entitled to exercise its powers and carry out its responsibilities in this connection without interference by the city authorities. (See *Gunnison* v. *Board of Educ. of City of N. Y.,* 176 N. Y. 11; *Matter of Fuhrmann* v. *Graves,* 235 N. Y. 77; *People ex rel. Wells & Newton Co.* v. *Craig,* 232 N. Y. 125.) As long as the board keeps within the total budget appropriated by the city for its use, it is vested with the exclusive authority in the matter of the establishing of positions to carry out its purposes and the fixing of the salaries therefor (Education Law, § 6202, subd. 5).

It is clear that Special Term was correct in holding that section 6214 of the Education Law does not apply to require approval by the Mayor of the petitioner's salary once it is fixed by the board. By its terms, said section is limited to cover

salaries of specified positions " [i]n any public institution of higher learning " under the jurisdiction of the board; and the particular titles and positions listed therein are those which are commonly found in such institutions as distinguished from those employees engaged generally by the board in the over-all supervision and management of the entire system. Furthermore, insofar as certain professional or other nonadministrative employees were intended to be brought within said section 6214, provision was expressly made to cover them (see subds. 1 to 15), and subdivision 16 by its terms embraces only " Administrative employees " in colleges. In fact, groups I to III of said subdivision 16 specify college positions which are clearly administrative in nature, and consequently group IV referring to " such other administrative positions " now existing and hereafter established may not be enlarged to include noncollege positions and postions which are not administrative in nature. So, plainly, under the subdivision, as it reads and as fairly construed, the position of the petitioner as law assistant and counsel to the Board of Higher Education is not within the category of " administrative positions " covered thereby. In addition, the legislative history indicates that the particular subdivision was intended to refer only to clerical personnel and not to professional or other key officials appointed by the board.

There is no merit to the respondent-appellant's position, not urged below, but taken on this appeal, that subdivision a of section 123 of the New York City Charter applies to require mayoral approval of the petitioner's salary. The Board of Higher Education may not be deemed to be an agency of the city within the terms of said subdivision a of section 123. It is a public agency created by the State Legislature; " [i]ts administration of the city colleges is a State function and the board itself is a State agency." (*Matter of Bd of Higher Educ.* v. *Carter*, 14 N Y 2d 138, 146.) Furthermore, said subdivision a of section 123 may not be given the effect of superseding the general provisions of the Education Law vesting the authority in the Board of Higher Education to establish proper positions and fix salaries. (See Municipal Home Rule Law, § 11, subd. 1, par. c.) The right of the Board of Higher Education to work freely within the budgetary appropriations for its purposes is not limited by general provisions in the local charter. (See N. Y. Const., art. IX, § 2, subd [c]; *Matter of Reuss* v. *Katz*, 43 Misc 2d 921, affd. 21 A D 2d 968.)

Inasmuch as the unrestrained power of the board to fix petitioner's salary (Education Law, § 6202, subd. 5) does not appear

to have been unlawfully or unreasonably exercised, the order and judgment of Special Term should be affirmed.

Stevens, J. P., Steuer and McGivern, JJ., concur in Per Curiam opinion; Eager, J., dissents in opinion, in which Capozzoli, J., concurs.

Order and judgment (one paper) reversed, on the law, without costs or disbursements to any party as against the other, and the petition dismissed.