John H. Pennock, J.
The plaintiff, a resident taxpayer of the City of Troy, instituted this action for declaratory judgment, and the accompanying proceedings seeking a temporary *1082 injunction during the pendency of the primary action to declare as null and void the enactment of a local law by the Common Council, on statutory and constitutional grounds. At the present, an order of this court is prayed for which would stay the Board of Elections of Rensselaer County to place before the electorate a certain local law by printing the same on the ballot for a vote of the people of Troy to advise the Common Council that it should prepare a new charter for the City of Troy replacing the present charter enacted by Local Law No. 3 of the City of Troy for 1959 (published among Local Laws of 1963 at page 638 et seq.) with the approval of the majority of the qualified electors of the City of Troy.
Pursuant to provisions of section 25 of the Municipal Home Rule Law .the proposition has been transmitted to the Board of Elections which is charged with the ministerial duty of submitting local laws to the vote of the people.
The plaintiff contends:
1. That the local law provides for an illegal act of the Common Council, as it would authorize the Council to draft a new charter which would be effective without a referendum.
2. That the local law provides for election of municipal officers in the year 1970, other than an odd numbered year as provided by the New York State Constitution (art. XIII, § 8).
The defendant, Board of Elections, claims that,
1. That the board’s duty is ministerial and cannot review the substance of the legality of the local law.
2. That if the local law is valid on its face and proper in form it has no duty to go any further.
3. That no wording of the local law is in conflict with the Constitution of the Státe of New York.
Appearing amicus curiæ (a friend of the court), one of the members of the Common Council, Frank P. McDonald, submitted an affidavit which alleges certain facts pertaining to the Council’s legislative enactments and some surrounding circumstances. This affidavit shall not be considered by the court, as the question before the court is one of law and not of fact and the court cannot question the intent or wisdom of the legislative procedure.
The question before the court when stripped of all the facade is simply whether a local law may be intercepted by the court when it is contrary to law. Ordinarily the courts refuse to intervene in legislative process but courts have interposed under “ unique circumstances ” and here we have such circumstances.
The Common Council pursuant to the Troy City Charter is vested with all legislative power and specifically shall have power to amend the city charter by local law in accordance with *1083 the provisions of the City Home Rule Law. (Charter of the City of Troy, art. 2, Legislative Branch — 'City Council, § 2.12, subd. [b].) The Municipal Home Rule Law (§23) provides for a mandatory referendum of a local law, (1) if it provides for a new charter, (2) if it provides in the case of a city, changes in boundaries of wards, or other districts from which members of the County Board of Supervisors chosen as such in a city to represent the city are elected and (3) which creates a new elective office.
The local law subject to this litigation is as follows:
“ Local Law No. 10 for the Tear 1969 (Intro. No. 10 for 1969). A local law directing the city council of the city of Troy to provide for a new charter for the city of Troy, New Tork creating a strong mayor form of government, with provision for the election of 18 councilmen, one each from 18 wards to be created in the city of Troy and for publication of said charter and submission thereof to the electorate of the city of Troy for approval or rejection.
“ Be it enacted by the city council of the city of Troy as follows:
“ Section 1. The City Council of the City of Troy shall cause to be drafted a new City Charter providing for an elective Mayor.
‘1 Section 2. That the said proposed charter shall contain provision for the election of 18 councilmen from 18 wards in the City of Troy, New Tork.
“ Section 3. That said new charter if adopted will provide for the election of a Mayor and Councilmen at the first general election after its approval.
u Section 4. That this local law should be submitted to the electorate of the City of Troy at the general election held in November, 1969.” (Abstract deleted.)
As can be readily seen, Local Law No. 10 for 1969 is in direct conflict with the provisions of the city charter and the Municipal Home Rule Law, as the referendum would have no legal binding effect upon the Council whether it was affirmed or rejected by the people. Section 23 of the Municipal Home Rule Law expressly states the instances where it is mandatory to hold a referendum.
The proposed Local Law No. 10 is generally worded, and its intent would be to mandate the City Council to prepare and propose a new charter, and makes references to establishing an elected Mayor position. But that is all it proposes 'and is advisory only. It makes no provision for the numerous minor subjects which have manifold differences in content and detail. Let’s assume the local law received an affirmative vote. In that *1084 case the Council, if it chooses to, could prepare a charter and would, again if it chooses, limit its own powers. Here is where conflict of law, of the proposed local law, comes into focus, because the Council would be abandoning its powers under the present charter and limiting its legislative powers to present at least a charter including an elective mayor position. This is contrary to the provisions of the present city charter and the Municipal Home Rule Law. Therefore, if the local law is to be put before the public for a vote it would be advisory only to the Council. It is clear enough that in the absence of express statutory authority, an advisory referendum by a city is not authorized. (Mills v. Sweeney, 219 N. Y. 213, 221.) It is also clear that a local law referendum is not authorized unless specifically required by statute. (Matter of McCabe v. Voorhis, 243 N. Y. 401, 413.) Further, .the use of a referendum at the taxpayers’ expense to determine public opinion by poll is not authorized in law or precedent. (Silberman v. Katz, 54 Misc 2d 956, affd. 28 A D 2d 992.) To approve such procedure would eventually negative a new charter and the public would be deceived regardless of a negative or affirmative vote. It all boils down to the fact that a Common Council has the power to prepare a new charter' or amendments to it by local law and place it before the electorate for final approval (Municipal Home Rule Law). There is nothing before the court to authorize the present abortive procedure.
I see no legal reasoning to the point, urged in plaintiff’s affidavit, that the placement of the two local laws on one ballot would result in an inconsistency. If Local Law No. 10 was in fact and law a charter proposal, which it is not, it would constitute a new charter when adopted and the present charter would be canceled including the “ at large ” local law if it is adopted in 1969. Thus the interim provision for election of a Council at large would be superseded by the new charter provision if approved.
Therefore it is the opinion of this court that proposed Local Law No. 10 is invalid, illegal and contrary to statute as a matter of law. I see no reason for a plenary trial, as there is no question of fact raised by the pleadings. In fact the defendants failed to submit an affidavit opposing the motions and defendants’answer to the complaint was a demurrer, and an unverified answer is restricted to law defenses. Therefore, in this important public matter it seems in the interest of justice, the court having made findings in law, that the opinion of the court is adopted as a determination in the primary declaratory judgment action of the issues of law, as election day is critically close and *1085 time is of the essence. (CPLR 3017, subd. [b].) This court can see no issue of fact and a declaratory judgment is appropriately directed and each of the demands of the plaintiff is granted. (German Masonic Temple Assn. v. City of New York, 279 N. Y. 452; Rockland Light & Power Co. v. City of New York, 289 N. Y. 45; Shea v. City of Cohoes, 27 A D 2d 881.)
A temporary injunction is granted; however, the terms of the injunction are not to apply to any act of the Council for or against the proposed local law. (Municipal Home Rule Law, § 26.)