## Second Department, November, 1982

## (November 1, 1982)

In the Matter of ANTHONY F. BRUCIA et al., Appellants, v COUNTY OF SUFFOLK et al., Respondents, and NUCLEAR ARMS FREEZE PROPOSITION COALITION et al., Intervenors-Respondents. — In a proceeding pursuant to CPLR article 78 to compel the respondents to remove from the ballot for the November 2, 1982 general election an advisory referendum regarding the deployment of nuclear weapons, petitioners appeal from a judgment of the Supreme Court, Suffolk County (Copertino, J.), dated October 28, 1982, which dismissed the proceeding. Judgment affirmed, without costs or disbursements. It is clear that absent express statutory authority, an advisory referendum by a municipality is not authorized (*Matter of Citizens for Orderly Energy Policy v County of Suffolk,* 90 AD2d 522). Therefore, the instant referendum is unau-

thorized by virtue of it being advisory in nature. However, the applicable remedy is in the nature of mandamus involving the exercise of judicial discretion. The legislation directing that the referendum be placed on the ballot was enacted by the county legislature on August 19, 1982. An earlier proceeding seeking to prohibit the referendum from being placed on the ballot was withdrawn on October 1, 1982. The instant proceeding was not commenced until October 26, 1982. In the meantime, all of the machinery and expenditure for the conduct of the referendum have gone forward, including placing the referendum on the ballot and expenditures of money publicizing the referendum. The delay in bringing the proceeding has not been adequately explained. "Inexcusably delayed proceedings in election matters coming to judicial determination close to the eve of the polling are especially not to be encouraged" (*Matter of Kupferman v Katz,* 19 AD2d 824, 825, affd 13 NY2d 932). Here, we are being asked to afford petitioners a remedy less than 24 hours before the polls are scheduled to open. Were the petition granted, there would be additional expenses incurred and probable delay at the polls. Consequently, the judgment is affirmed. Damiani, J. P., Mangano, Gibbons and Gulotta, JJ., concur.