OPINION OF THE COURT
Joseph Goldstein, J.
In this action for a judgment declaring the County of Suffolk’s enactment of Local Law No. 12-84 unconstitutional and beyond the authority of the county, plaintiff moves and defendants cross-move for summary judgment.
The enactment at issue affects the rights of smokers and nonsmokers who find themselves together at a particular *359 location, i.e., a public school building, which is being used as a meeting place.
Recent social and medical history has raised the spectre of smoking, and the secondary and tertiary inhalation of tobacco smoke, as a possible danger to the health of our community.
While individuals may disagree as to the effects of tobacco smoke on the health of one’s neighbors, the Suffolk County Legislature has chosen to act. It has charted a course through this cloudbank of mixed opinion and shadows in the interests of the health of the citizens of the county. While some may consider this an assault on their individual liberties, the Legislature has, by this action, taken those first wrenching steps toward the goal which they have enunciated in section 1 of the local law.
There is no dispute, either in prior case law or in the case at bar, that the education of students is a State function, and therefore is excluded from local legislation (Board of Educ. v Board of Educ., 23 AD2d 805 [1965]).
The instant action does create a controversy, however, as to how far that educational function, by definition, should extend. Plaintiff urges the court to include as part of the State’s educational function any attempt to regulate smoking by the public in a school building, when the building is used after school hours as a meeting place to conduct public business. The challenged attempt at regulation is embodied in Local Law No. 12-84.
"Section 11 (subd. 1, par. [c]) of the Municipal Home Rule Law prohibits the enactment of a local law which supersedes a State statute if the local law applies to or affects 'the maintenance, support or administration of the educational system in such local government’.” (Matter of Reuss v Katz, 43 Misc 2d 921, 922; see also, Lanza v Wagner, 11 NY2d 317, 326.) The cited cases concerned local ordinances which attempted to infringe upon the educational function of the State. This court is satisfied that Local Law No. 12-84 is not analogous to those ordinances.
The ordinance restricts smoking by the public in a meeting place, which in this case is a school building. It makes no attempt to regulate the educational function of the school system nor does it attempt to regulate the structure, maintenance, or administration of the school. The law regulates the general public, in a noneducational setting, not the students who are in the school facility for the purpose of furthering *360 their education. The ordinance makes no attempt to regulate activities within the framework or context of education. The public’s use of the school building is limited to the conduct of public meetings. This is not related to "the maintenance, support or administration of the educational system” (Municipal Home Rule Law § 11 [1] [c]).
Article IX, § 2 (c) of the New York State Constitution forbids the adoption of local laws inconsistent with any Statewide law. Plaintiff contends that Local Law No. 12-84 is inconsistent with section 409 of the Education Law and therefore should be deemed unconstitutional. This court disagrees.
Section 409 reads as follows: "All school buildings of school districts other than city school districts of cities having [125,000] inhabitants or more shall comply with such regulations as the commissioner of education shall adopt from time to time for the purpose of insuring the health and safety of pupils in relation to proper heating, lighting, ventilation, sanitation and health, fire and accident protection” (emphasis added).
The court finds the two laws consistent in that section 409 applies primarily to the safety and education of pupils. Local Law No. 12-84 makes no attempt to regulate student activity, nor does it attempt to interfere with the plaintiff school district’s educational function. It relates to the general public, and although it regulates after-hours use of a school building, it does so in connection with its use as a meeting place, not an educational institution.
An additional reason for finding consistency is based on the intent of section 409 of the Education Law. The section is not intended to govern all matters concerning public health in school buildings. Rather, its language is aimed primarily at regulating construction of school buildings, as evinced by the Governor’s memorandum which accompanied the legislation. "This bill modernizes the responsibilities of the Commissioner of Education with respect to the construction and alteration of school buildings and also makes important changes with respect to State aid for central school districts during the first three years after their creation.” (1951 NY Legis Ann, at 326.) Clearly, to interpret section 409 as plaintiff suggests would be to extend a tortured interpretation to the legislative intent and apply the law out of context.
Even if the Education Law is interpreted as plaintiff suggests, the wording of section 409 suggests that Local Law No. *361 12-84 is supplemental to, rather than inconsistent with it. The phrase in section 409, "shall comply with such regulations as the commissioner of education shall adopt from time to time”, indicates that the county is required to adhere to existing State legislation. Here, Suffolk County has not failed to comply with any regulation adopted by the Commissioner of Education. Rather, the county has stepped in with Local Law No. 12-84 to supplement existing State legislation adopted by the Commissioner of Education and in order to protect the health and safety of the public.
If the State has declared a policy pertaining to a particular subject area, or the Legislature has enacted a comprehensive and detailed regulatory scheme in that area, then there is a strong presumption that the State intended to preempt that particular field of legislation (Robin v Incorporated Vil. of Hempstead, 30 NY2d 347, 350-351; People v De Jesus, 54 NY2d 465, 469). Plaintiff contends that section 409 of the Education Law and 8 NYCRR part 155 constitute evidence of the State’s intent to control the field of legislation in regard to smoking in school buildings.
As previously discussed, section 409 does not serve to preempt Local Law No. 12-84. In addition, part 155, concededly a comprehensive set of regulations, is nonetheless concerned with protection of school facilities from fire, smoke and related hazards. Its provisions contain construction requirements with respect to fire safety. There is no reference to, or regulation of cigarette smoking, and therefore the rule should not be considered preemptive in that regard.
Similarly, the New York State Uniform Fire Prevention and Building Code, section 1191.1 (c) of 9 NYCRR part 1191 entitled "Fire Safety Safeguards”, is part of a set of regulations directed at fire prevention. The title of the section clearly indicates its intent. Although it addresses the smoking issue, it does so in the context of fire prevention, not in the context of inhaling secondary and tertiary tobacco smoke. Once again, to read these provisions as plaintiff suggests is to distort the intent of the Legislature and extend the scope of the law to areas it was not intended to reach.
If local legislation directly contradicts existing State law, then the local law may be struck down (Robin v Incorporated Vil. of Hempstead, 30 NY2d 347 [1972], supra). Plaintiff points to article 13-E of the New York State Public Health Law as contradictory of Local Law No. 12-84. The court does not *362 interpret Local Law No. 12-84 in a manner which conflicts with Public Health Law, article 13-E, § 1399-0.
Section 1399-0 prohibits smoking in areas or buildings the primary function of which is public usage. Each institution specified in the statute is available to the general public throughout the entirety of its business hours. This court believes that the Legislature had institutions of this genre in mind when formulating the statute.
The maxim expressio unius est exclusion alterius, the specific mention of one person or thing implies the exclusion of other persons or things, holds true. However, as applied here, the statute would only serve to exclude public areas whose primary function is public service and, as such, would be available for use throughout their business hours. Therefore, it might be argued that areas such as a shopping mall or a sports arena were probably intended to be excluded from the restrictions of section 1399-0. A school building, on the other hand, is not available to the public as a meeting place during regular business hours, and therefore should not be considered among the institutions which the Legislature intended to exclude. Since school buildings are not within the category of institutions addressed by section 1399-0, their exclusion from the statute does not create a conflict with Local Law No. 12-84.
Based on the foregoing, the court concludes that Local Law No. 12-84 is constitutional and that its application to the matter at hand is proper.
Accordingly, the motion is denied and the cross motion is granted to the extent that defendants shall have summary judgment dismissing the complaint.
The court would like to express its appreciation to both counsel for their extensive legal memoranda, and also to Richard S. Finkel, our law intern from the Hofstra University School of Law, for his efforts in researching the issues herein.