■ In the Matter of DAVID WOODBURN et al., Respondents, v VILLAGE OF OWEGO et al., Appellants, et al., Respondents. [57 NYS3d 537]—

Rose, J. Appeals from two judgments of the Supreme Court (Faughnan, J.), entered June 9, 2016 and July 25, 2016 in Tioga County, which, among other things, granted petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, among other things, annul three resolutions passed by respondent Village of Owego Board of Trustees.

In October 2015, respondent Village of Owego Board of Trustees (hereinafter the Board) adopted a resolution approving the hiring of respondent Siena College for the purpose of drafting a "public opinion survey" regarding the future of respondent Village of Owego's police department and circulating that survey by mail to Village residents, voters and businesses at a cost of $7,500. At a November 2015 meeting, the Board adopted a second resolution approving the dissemination of an eight-question survey drafted by Siena, which was scheduled to occur during the first week of January 2016. In December 2015, however, petitioners—two Village residents—commenced this combined CPLR article 78 proceeding and action for declaratory judgment seeking to, among other things, annul the October and November 2015 resolutions and prohibit the dissemination of the November 2015 survey on the basis that it constituted an impermissible advisory referendum. Supreme Court thereafter granted a request by petitioners to stay the dissemination of the November 2015 survey.

In an effort to resolve the matter, at a January 2016 meeting, the Board voted to eliminate and replace certain questions on the November 2015 survey and adopted a resolution approving a revised survey for dissemination. Petitioners then filed an amended petition/complaint, seeking to, among other things, annul the January 2016 resolution, in addition to the October and November 2015 resolutions, and prohibit the dissemination of both the November 2015 and January 2016 surveys. The Board, the Village and respondent Kevin Millar, the Mayor of the Village (hereinafter collectively referred to as respondents), answered and asserted, among other affirmative defenses, that petitioners lacked standing to maintain this proceeding. Ultimately, in a June 2016 judgment, Supreme Court found that petitioners had common-law taxpayer standing and granted the amended petition/complaint. In a separate July 2016 judgment, Supreme Court, among other things, annulled the October 2015, November 2015 and January 2016 resolutions, declared that the November 2015 and January

2016 surveys constitute impermissible advisory referenda or opinion polls, and permanently enjoined respondents from disseminating any questionnaires or conducting any public surveys, opinion polls or advisory referenda regarding police services. Respondents appeal from both judgments.

Initially, we agree with Supreme Court that petitioners have common-law taxpayer standing. Our review of the record establishes that the resolutions at issue are of appreciable public significance and we can discern no other avenue for an aggrieved individual or entity to challenge the resolutions (*see Matter of Ricket v Mahan*, 97 AD3d 1062, 1064 [2012]; *compare Matter of Humane Socy. of U.S. v Empire State Dev. Corp.*, 53 AD3d 1013, 1017 [2008], *lv denied* 12 NY3d 701 [2009]; *New York State Assn. of Small City School Dists., Inc. v State of New York*, 42 AD3d 648, 651 [2007]). Thus, under the circumstances here, " 'the failure to accord such standing would be in effect to erect an impenetrable barrier to any judicial scrutiny' " of the challenged resolutions (*Matter of Colella v Board of Assessors of County of Nassau*, 95 NY2d 401, 410 [2000], quoting *Boryszewski v Brydges*, 37 NY2d 361, 364 [1975]).

As to the merits, respondents contend that Supreme Court erred in finding that the November 2015 and January 2016 surveys constitute impermissible advisory referenda or opinion polls, and they argue that they are permitted to expend public funds to conduct public opinion surveys—as opposed to referenda or "polls"—pursuant to the broad grant of general power set forth in Village Law § 4-412. We agree. Village Law § 4-412 (1) (a) provides, as is relevant here, that a village board of trustees "may take all measures and do all acts, by local law, not inconsistent with the provisions of the constitution, and not inconsistent with a general law." As background, prior to the enactment of Village Law § 4-412, the general powers of a village board of trustees were governed by Village Law former § 89, which set forth an exhaustive list of various powers that a village board of trustees possessed. Ultimately, however, the exhaustive list resulted in courts "fail[ing] to sanction the authority of the board of trustees of a village to act unless the power [was] specifically enumerated" (L 1972, ch 892, § 57) and, therefore, the Legislature enacted Village Law § 4-412 so that it would "no longer be necessary for the courts to look to a specific grant of power in order to sanction an act of the board of trustees" (L 1972, ch 892, § 57).

A review of Village Law former § 89 establishes that one of the specifically enumerated powers given to a village board of trustees was the ability to appropriate public funds for "any

surveys, studies or research programs that may promote more efficient village government" (Village Law former § 89 [68]). Notably, although Village Law former § 89 (68) was entitled "Surveys, studies, po[l]ls, [and] research programs," the word "polls" was purposely omitted from the actual text of that subdivision. Based on this legislative history, Supreme Court concluded that the omission of the word "polls" demonstrated that a board of trustees was not authorized by Village Law former § 89 (68) to conduct public opinion "polls" and, in turn, is not authorized by the successor statute, Village Law § 4-412. In our view, however, the broad grant of general authority set forth in Village Law § 4-412 authorizes the type of public opinion surveys at issue here regardless of whether they are labeled "surveys" or "opinion polls." We are not swayed by the omission of the word "polls" from the text of Village Law former § 89 (68) because case law reflects that the word "polls," as used in this context, merely refers to a public vote at an election and, as such, is synonymous with a referendum election, which cannot be held to poll public opinion without express statutory authority (*see e.g. Matter of Kupferman v Katz*, 19 AD2d 824, 824-825 [1963], *affd* 13 NY2d 932 [1963]; *Matter of Fossella v Dinkins*, 130 Misc 2d 52, 62-63 [Sup Ct, Richmond County 1985]; *Meredith v Monahan*, 60 Misc 2d 1081, 1084 [Sup Ct, Rensselaer County 1969]; *Matter of Silberman v Katz*, 54 Misc 2d 956, 959 [Sup Ct, NY County 1967], *affd* 28 AD2d 992 [1967]). Here, the Board does not seek to submit any of the survey questions to voters at an election and, therefore, even if the surveys are characterized as "opinion polls," we find that the Board was authorized to appropriate public funds to conduct them (*see* Village Law § 4-412 [1] [a]).

We also agree with respondents' contention that none of the pertinent case law precludes the type of public opinion surveys at issue here. As noted above, an "advisory referendum" is not authorized in the absence of express statutory authority (*see Matter of Brucia v County of Suffolk*, 90 AD2d 762, 762-763 [1982]; *Matter of Kupferman v Katz*, 19 AD2d at 824; *see also Matter of McCabe v Voorhis*, 243 NY 401, 413 [1926]; *Matter of Greene v Town Bd. of Town of Warrensburg*, 90 AD2d 916, 916-917 [1982], *lv denied* 58 NY2d 604 [1983]). However, a review of the case law dealing with an "advisory referendum" establishes that each such case involves registered voters going to a polling place during a municipal election and casting a ballot on the proposed question (*see e.g. Mills v Sweeney*, 219 NY 213, 216-217 [1916]; *Matter of Citizens for Orderly Energy Policy [COEP] v County of Suffolk*, 90 AD2d 522, 522 [1982], *appeal dismissed* 57 NY2d 1045 [1982]; *Meredith v Monahan*,

60 Misc 2d at 1084; *Matter of Silberman v Katz*, 54 Misc 2d at 959). In light of this, it is our view that the proscription against an "advisory referendum" is limited to a situation where a question that is advisory in nature is placed on the ballot for a vote by the electorate.

Here, in contrast, the Board simply seeks to obtain a sampling of public sentiment regarding police services in the Village before the Board makes a decision to alter current police services. In the event that the Board decides to abolish the police department, such a local law would then be mandated to be placed on the ballot as a proposition to be voted on by the electorate at an upcoming election (*see* Village Law § 8-800). We reject petitioners' contention that the surveys at issue here will somehow allow the Board to "avoid governmental responsibility and shift the burden of decision [regarding police services] to a public poll" (*Matter of Kupferman v Katz*, 19 AD2d at 824-825). In addition, we are not persuaded by the opinions of the Office of the Attorney General and the Comptroller that petitioners rely upon (*see* 1996 Ops St Comp No. 96-18; 1991 Ops Atty Gen [Inf Ops] 1039; 1981 Ops Atty Gen [Inf Ops] 154; 1979 Ops Atty Gen [Inf Ops] 253). To the extent that these opinions deal with the question of whether a municipality may conduct an opinion poll or survey such as the ones at issue here, they are erroneous and, accordingly, not binding on this Court (*see Matter of American Tel. & Tel. Co. v State Tax Commn.*, 61 NY2d 393, 404 [1984]; *Matter of Nelson v New York State Civ. Serv. Commn.*, 96 AD2d 132, 134 [1983], *affd* 63 NY2d 802 [1984]).

In sum, we find that Supreme Court erred in granting the amended petition/complaint and annulling the October 2015, November 2015 and January 2016 resolutions on the basis that the public opinion surveys constitute impermissible advisory referenda or opinion polls.

McCarthy, J.P., Egan Jr. and Mulvey, JJ., concur. Ordered that the judgments are reversed, on the law, without costs, amended petition/complaint dismissed, and it is declared that the November 2015 and January 2016 surveys are permissible.