Matter of Rochester City Sch. Dist. v City of Rochester (2019 NY Slip Op 06449)





Matter of Rochester City Sch. Dist. v City of Rochester


2019 NY Slip Op 06449


Decided on September 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, AND DEJOSEPH, JJ.


789.1 CAE 19-01477

[*1]IN THE MATTER OF ROCHESTER CITY SCHOOL DISTRICT, THE BOARD OF EDUCATION OF THE ROCHESTER CITY SCHOOL DISTRICT, VAN HENRI WHITE, INDIVIDUALLY AND AS PRESIDENT OF THE BOARD OF EDUCATION OF THE ROCHESTER CITY SCHOOL DISTRICT, AND CYNTHIA ELLIOTT, INDIVIDUALLY AND AS VICE PRESIDENT OF THE BOARD OF EDUCATION OF THE ROCHESTER CITY SCHOOL DISTRICT, PETITIONERS-PLAINTIFFS-RESPONDENTS,
v
CITY OF ROCHESTER, LOVELY A. WARREN, AS MAYOR OF THE CITY OF ROCHESTER, COUNCIL OF THE CITY OF ROCHESTER, RESPONDENTS-DEFENDANTS-APPELLANTS, AND MONROE COUNTY BOARD OF ELECTIONS, RESPONDENT-DEFENDANT. 






TIMOTHY R. CURTIN, CORPORATION COUNSEL, ROCHESTER (PATRICK BEATH OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-APPELLANTS.
KARL W. KRISTOFF, GENERAL COUNSEL, ROCHESTER CITY SCHOOL DISTRICT, ROCHESTER (ALISON K.L. MOYER OF COUNSEL), FOR PETITIONERS-PLAINTIFFS-RESPONDENTS. 


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered August 2, 2019 in a CPLR article 78 proceeding and declaratory judgment action. The judgment, among other things, declared that Local Law No. 4 is invalid and that the ensuing referendum is a void advisory referendum, and issued a permanent injunction barring the advisory referendum from being included on the ballot for the November general election. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Respondent-defendant Council of the City of Rochester (City Council) adopted Local Law No. 4 of 2019 (Local Law) to amend the City Charter with regard to the Commissioners of Schools (Commissioners), who constitute petitioner-plaintiff Board of Education of the Rochester City School District (Board). Section 1 of the Local Law amended City Charter § 2-1 by removing the Commissioners from a list of "Elective officers"; section 2 removed the Commissioners' term of office from City Charter § 2-8; and section 3 deleted City Charter § 2-13, "Salaries of School Board members," in its entirety. Section 4 provided that the amendments shall remain in effect for not less than five years. Section 5 scheduled a referendum for the November 2019 general election and provided that the Local Law would take effect only after both approval by the affirmative vote of a majority of qualified electors in that referendum "and the enactment of appropriate enabling amendments to the Education Law."
In this hybrid CPLR article 78 proceeding and declaratory judgment action, petitioners-plaintiffs filed an amended petition-complaint seeking, inter alia, a declaration that the Local Law is invalid and that the referendum is void as advisory, as well as a permanent injunction barring the referendum from being placed on the ballot. Supreme Court granted that relief, determining that the State unequivocally occupies the entire field of public education, thus preempting the Local Law and rendering the referendum impermissibly advisory. Respondents-[*2]defendants City of Rochester (City), Lovely A. Warren, as Mayor of the City of Rochester (Mayor), and City Council (collectively, respondents) appeal. We affirm.
Any local law that "[a]bolishes an elective office" or "reduces the salary of an elective officer during his [or her] term of office" is subject to mandatory referendum (Municipal Home Rule Law § 23 [2] [e]), but an "advisory" referendum—i.e., one that lacks legal effect or consequence—is not permitted in the absence of express constitutional or statutory authority for it (Mills v Sweeney, 219 NY 213, 217 [1916]; see Matter of Brucia v County of Suffolk, 90 AD2d 762, 762-763 [2d Dept 1982]).
Contrary to respondents' contention, we conclude, for two independent reasons, that the referendum on the Local Law is impermissibly advisory and, thus, that the court properly declared the Local Law invalid and the referendum void. First, the language of section 5 of the Local Law, which conditions its effectiveness on subsequent action by the New York State Legislature, strips the referendum of any binding legal effect (see Matter of Astwood v Cohen, 291 NY 484, 489-491 [1944], rearg denied 292 NY 621 [1944]; Matter of Silberman v Katz, 54 Misc 2d 956, 959-963 [Sup Ct, NY County 1967], affd 28 AD2d 992 [1st Dept 1967]; Meredith v Monahan, 60 Misc 2d 1081, 1083 [Sup Ct, Rensselaer County 1969]; see also Municipal Home Rule Law § 23 [1]). Second, as the court correctly noted, a local government may not legislate in areas "where the State has evidenced its intent to occupy the field" (Albany Area Bldrs. Assn. v Town of Guilderland, 74 NY2d 372, 377 [1989]), and it is well established that the State has preempted local action in the field of public education (see NY Const, art IX, § 3 [a] [1]; art XI, § 1; Education Law
§§ 2552, 2553; Lanza v Wagner, 11 NY2d 317, 326-327 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]; Matter of Divisich v Marshall, 281 NY 170, 173-174 [1939]; see also Board of Educ., Union Free School Dist. No. 4, Town of Greece v Board of Educ. of City of Rochester, 23 AD2d 805, 805-806 [4th Dept 1965], lv denied 15 NY2d 487 [1965]).
Finally, we conclude that respondents' further contention that the court erred in its ruling concerning a letter sent to City residents by the Mayor is not properly before us. No actual determination was made concerning the letter, notwithstanding the discussion of the matter in the court's decision, and respondents are therefore not aggrieved with respect to that issue (see Matter of Toles v Radle, 172 AD3d 1945, 1946 [4th Dept 2019]; see also Matter of Sedita v Sacha, 99 AD3d 1259, 1260 [4th Dept 2012]).
Entered: September 4, 2019
Mark W. Bennett
Clerk of the Court