Vandermeulen, J.
The following ordinance was enacted by the common council of the City of Lackwanna and became effective about April 5, 1954:
“ That Chapter XIX of the Ordinances of the City of Lackawanna is hereby amended by adding thereto, a new section to be known as Sections 2 and 3 and to read as follows:
“Section 2 — Whereas, the coin-vending machines dispensing milk appear on the outside of any building and are located near street proper and are usable at all hours with no one at attendance and since they are locked and cannot be inspected, and
“ Whereas, such condition makes it impossible to properly inspect and supervise with reference to correct weight and quality by the sealer of weights and measures of the City of Lackawanna, and
“ Whereas, it is possible that milk may be of a lower standard than represented and may be impure or otherwise unfit for human consumption and it is impossible for the Health Inspector and/or Sealer of Weights and Measures and/or Inspector of the Department of Agriculture of the State of New York to inspect, govern and supervise the milk and dairy products so designed without giving advance warning to the proprietors of such devices, and
*701 ‘ ‘ Whereas, their vicinity to the public highway further creates traffic hazards and congestion, therefore, in the interest of public health and safety, the Common Council of the City of Lackawanna enacts as follows:
“ Any mechanical device, operated by the insertion of a coin and used for the purpose of dispensing milk is hereby prohibited unless said machines are located within a regular place of business at which place and at all times said machines are in use, there is a proprietor in attendance who could open said machine for the purpose of inspection by the Sealer of Weights and Measures of the City of Lackawanna and/or Inspector of the Brie County Health Department and/or Inspectors of the New York State Department of Agriculture.
“ It being the intent of this Ordinance to prohibit said coin operated milk dispensing machines from being located outside of any building.
“ Section 3 — Any violation of the provisions of Section 2 of this Chapter shall constitute disorderly conduct and may be punished by a fine not to exceed fifty dollars ($50.00) and in case the person, firm or corporation so fined and convicted does not immediately pay such fine, he or she may be committed to the Brie County Penitentiary for a term of one (1) day for each and every dollar of such fine not paid.”
The plaintiff, a licensed milk dealer, on or about January 26, 1954, installed on private property in the city of Lackawanna, New York, a coin-operated refrigerated insulated milk vending machine, in a place out-of-doors and not within a regular place of business and no operator being present. The plaintiff brings this action seeking judgment declaring the ordinance to be unconstitutional, void and discriminatory and restraining its enforcement by the defendant city.
There are numerous cases in which the courts have upheld the constitutional right to exercise some control over the milk industry. The authors of this ordinance have attempted to bring it within the decisions which have upheld laws and ordinances seeking to control the milk industry, basing such on the right of the courts to protect the public welfare, health and safety of the inhabitants of the United States or a particular section thereof. But in an endeavor to protect, the courts have also been careful to protect parties from arbitrary, capricious and illegal acts.
It was said in Cowan v. City of Buffalo (247 App. Div. 591-593):
“ If the legislation is to be upheld, it must be upon the theory that it is a proper exercise of the police power of the State. *702 But to justify the ordinance upon the ground, it must have for its object the improvement of the social, moral, physical, or economic condition of the public in general, and the means employed must be reasonably necessary for the accomplishment of that end.” [Citing cases.]
‘ ‘ It is beyond the power of the State to arbitrarily interfere with private business, or to impose unreasonable or unnecessary restrictions thereon, under the guise of promoting public welfare.” [Citing additional cases.]
‘ ‘ Under the mere guise of police regulations, personal rights and private property cannot be arbitrarily invaded, and the determination of the legislature is not final or conclusive. If it passes an act ostensibly for the public health, and thereby destroys or takes away the property of a citizen, or interferes with his personal liberty, then it is for the courts to scrutinize the act and see whether it really relates to and is convenient and appropriate to promote the public health.” (Matter of Jacobs, 98 N. Y. 98, 110; see, also, People v. New York Carbonic Acid Gas Co., 196 N. Y. 421, 435.)
The Supreme Court of the United States said in Nebbia v. New York (291 U. S. 502, 525): “ The Fifth Amendment, in the field of federal activity, and the Fourteenth, as respects state action, do not prohibit governmental regulation for the public welfare. They merely condition the exertion of the admitted power, by securing that the end that shall be accomplished by methods consistent with due process. And the guaranty of due process, as has often been held, demands only that the law shall not be unreasonable, arbitrary or capricious, and that the means selected shall have a real and substantial relation to the object sought to be attained.”
The case of People ex rel. Moskowitz v. Jenkins (202 N. Y. 53) involved a section of the General Municipal Law which provided that no person shall conduct a transient retail business in any store in any city of the third class, village or town of this State for the sale of goods which shall be represented or advertised as bankrupt stock or as goods damaged by fire, water or otherwise, or by any such like representation or device without first taking out a license therefor. At page 58, the court in citing City of Carrollton v. Bazzette (159 Ill. 284) stated: “ These features of the statute plainly show its purpose, which was not to safeguard customers against fraud, but local shopkeepers from competition ” and in quoting from People v. Gillson (109 N. Y. 389, 399) stated in connection with the statute there involved: “ ‘ It is evidently of that kind which has been so frequent of late, a kind which is meant to protect some class in the community against *703 the fair, free and full competition of some other class, the members of the former class thinking it impossible to hold their own against such competition and therefore flying to the legislature to secure some enactment which shall operate favorably to them or unfavorably to their competitors.’ ”
In People v. Cohen (272 N. Y. 319) the Court of Appeals again struck down an ordinance as class legislation, being discriminatory, inasmuch as it forbade the sale of fruits and vegetables within thirty-six inches of store doorways on Broadway. The court said at page 322: “It bears no relation to the welfare of the public but is designed for the convenience and interest of a special class.”
There is a substantial difference between ‘ ‘ prohibition ’ ’ and “ regulation ”. (Fischer v. St. Louis, 194 U. S. 361, 365, and the cases cited thereunder.)
Vending ice cream from a motor vehicle by itinerant peddlers in the city of New York was banned by a city ordinance which also simultaneously banned all other vehicular vending except, in brief, by produce licensees, war veterans, blind persons, newspaper peddlers and city farmers. The city claimed lack of supervisory and inspection facilities to govern the situation which supposedly interfered with traffic and menaced health.
The court in Good Humor Corp. v. City of New York (290 N. Y. 312) ruled the ordinance unconstitutional.
There is no evidence that the location of these coin-vending machines because of their vicinity to the public highway creates traffic hazards and congestion. Even if this were true, a traffic ordinance would be the remedy. The remaining part of the whereas clause of the ordinance can be narrowed down to one alleged purpose — inspection.
The defendant cites many cases where courts have sustained regulatory and license laws and ordinances. The ordinance involved herein is not a regulatory or licensing ordinance but a prohibitory ordinance. If the defendant is sincere in its desire to protect the public by inspection, it can easily be accomplished by a regulatory or licensing ordinance. The method adopted by the City of Lackawanna is entirely unnecessary. Properly speaking, its purpose is to protect the business interest of retail storekeepers and milk dealers from competition.
The defendant quotes the case of Matter of Stracquadanio v. Department of Health (285 N. Y. 93). The court went a long distance in declaring that ordinance constitutional. With all due respect to the then Court of Appeals, I have my doubts as to the correctness of the decision. The court split four to three. If the case had reached the United States Supreme Court there *704 might have been a reversal. Assuming, however, that the Court of Appeals was correct, it does not apply in the instant case.
It has been shown that the milk is packaged in bottles or sealed cartons. There is no question raised as to this being a sanitary method. In fact, there is no proof whatsoever that the health of the community is or will be jeopardized by the sale of milk through milk-vending machines. Therefore, it does not matter whether the containers are inside or outside of the building. The defendant claims that under the present arrangement the milk cannot be inspected and by this arrangement seeks to compel the plaintiff to have somebody present at all times so that there can be an unannounced inspection. It appears to me that an inspection can be made of these machines wherever located just as easily as inspections are made in dairies, milk-dispensing plants and on the street. It is not the function of this court to suggest in detail how this can be accomplished, but this court can plainly see that regulatory or licensing ordinances can be effective in accomplishing inspection. It is not necessary to have a prohibitory ordinance.
I am of the opinion that sections 2 and 3 of chapter XIX of the ordinances of the City of Lackawanna, New York, relating to coin-vending milk-dispensing machines are unconstitutional, null and void and of no force and effect.
An injunction may issue permanently enjoining and restraining the City of Lackawanna, New York, from enforcing or attempting to enforce sections 2 and 3 of chapter XIX of the ordinances of the City of Lackawanna, New York.
Submit judgment.