James L. Dowsey, Jr., J.
This is an appeal from a judgment of the Police Court of the Incorporated Village of Hempstead, dated December 14, 1966, convicting appellant after trial upon stipulated facts, and imposing sentence (a fine of $50), for a violation of section 464 of the village ordinance.
The said ordinance provides as follows:
“SECTION 464-ORDINANCE RESTRICTING TRADE ON MEMORIAL DAY
All trades, manufacturers, agricultural or mechanical employments upon the 30th day of May, known as Memorial Day, are hereby prohibited, except that when the same are works of necessity, they may lie performed on that day in their usual and orderly manner, so as not to interfere with the observance of said day.” The ordinance goes on to provide for certain specified exceptions, and the penalties for violation of the ordinance.
It was stipulated between the parties that appellant, who operates what is commonly known as a “paint store”, does not qualify under one of the exceptions set forth in the ordinance, nor is its business a work of necessity.
On Memorial Day, May 30, 1966, appellant’s store was open for business at about 9:35 a.m. when it was served with a summons by a village police officer for a violation of this ordinance.
Appellant contends in its affidavit of errors that section 86 of the General Municipal Law is the only apparent authority for such an ordinance. It provides as follows: “ The municipal officers and boards in the several cities, towns and villages of this state now having the authority to enact ordinances, may adopt ordinances regulating the nature of commercial and business activities that may be conducted on Memorial Bay * * * and the hours within which the various types of commercial and business activities may be conducted on Memorial Bay * * * Provisions shall be made in such ordinances for punishment for violation thereof. ’5 (Italics by this court.)
The focal question discussed in both briefs is whether or not the word “ regulate ” in section 86 of the General Municipal Law gives the village, by ordinance, authority to prohibit all business activities (other than the enumerated exceptions) on Memorial Day.
Appellant argues that if the Legislature intended to give municipalities the specific power of ‘ ‘ prohibition ’ ’ it would have, by clear and unequivocal language, empowered them to do so by legislation similar to the Sabbath Day legislation. (Former Penal Law, art. 192, §§ 2140-2154: now General Business Law, §§ 2-16).
*804 “§2140. The Sabbath.
The first day of the week being by general consent, set apart for rest and religious uses, the law prohibits the doing on that day of certain acts hereinafter specified, which are serious interruptions of the repose and religious liberty of the community.” (Italics by the court.)
Appellant thus contends that the ordinance violates the State Constitution by exceeding the powers conferred upon municipalities by the Village Law. Appellant also claims that the ordinance is arbitrary and unreasonable in its application and the burdens resultant therefrom.
The case law is quite clear that municipalities may not exceed the specific powers granted to them by the Legislature. In the case of Jewish Consumptives’ Relief Soc. v. Town of Woodbury (230 App. Div. 228 [2d Dept.] affd. 256 N. Y. 619) Justice Lazansky said (p. 234): “The authority of a municipality
to abrogate State law is never implied or inferred. It is only derived from express grant, never from a general grant of power. A State policy may not be ignored by a municipality unless it is specifically empowered so to do in terms clear and explicit.” (People ex rel. Kieley v. Lent, 166 App. Div. 550, affd. 213 N. Y. 626; Mills v. Sweeney, 219 N. Y. 213; People v. Gilbert, 68 Misc. 48.)
Considering the foregoing discussion it becomes necessary to determine the meaning and intent of the word ‘ ‘ regulate ’ ’.
In an early case, Cronin v. People (82 N. Y. 318) the Albany City Council had promulgated an ordinance prohibiting the erection or continuation of slaughter houses in certain geographical areas of the city. The authority for such ordinance was a State statute permitting the City of Albany “ to regulate the erection, use and continuation of slaughter-houses ”.
It was argued by appellant there, that the authority to ‘ ‘ regulate ’ ’ could not be construed to permit a total prohibition in particular areas or localities, but on the contrary, 11 regulate ’ ’ recognized the need for a continuation of the subject matter.
The Court of Appeals held (p. 320) that “ regulate ” as used in the State statute ‘ ‘ implies a power of restriction and restraint ”, and could “prohibit their continuance whenever and wherever they become sources of danger to the health or comfort of the community ” (p. 321). However the court carefully pointed out that total prohibition does not necessarily follow such construction, and as a general rule where some act or thing is not to be permitted at all, a more restricted word than ‘1 regulate ’ ’ is used to clearly denote such intent.
*805 Citing the Cronin case (supra), the Appellate Division, Second Department, held in the case of Peace v. McAdoo (110 App. Div. 13, 15 that: ‘1 The question then is whether under these sections the commissioner of police could by general rule prohibit the movement of teams and vehicles * * * I think that he could not, for the reason that power to regulate is not power to prohibit. A statute of delegation of powers is strictly construed : ‘ and any reasonable doubts as to the existence of a particular power resolved against the same. ’ ” (Italics by this court.)
In City of Rochester v. West (164 N. Y. 510) the Court of Appeals upheld the right of Rochester to pass an ordinance prescribing the size, dimensions and locations of billboards, under its charter provisions, permitting the City 1 ‘ to license and regulate billposters # * * and sign advertising ”. Here, too, the Court of Appeals reiterated that the restrictive aspects of the ordinance were justified by concern for the common safety and welfare of the people.
An examination of the relevant cases seems to indicate that wherever the word “ regulate ” was construed in its most restrictive connotation, the activities prescribed were closely related to the health or safety of the people. (City of Rochester v. West, supra [billboards]; Matter of Siracusa, 125 Misc. 882 [alcoholic beverages]; People ex rel. O’Toole v. Board of Excise of Brooklyn, 16 N. Y. S. 798 [alcoholic beverages].)
Corpus Juris Secundum sets forth what this court considers a classic legal definition of the word “ regulate “ the power to regulate necessarily implies the power to permit conditionally the doing of a thing, [but the] power to regulate ordinarily does not include power to prohibit or suppress. Prohibition is not the equivalent of regulation; and ordinances of prohibition, direct or indirect, enacted under the power of regulation only are generally unwarranted * * * The power to regulate implies the power of restriction and restraint, and lawful regulation may partially prohibit by limiting and controlling ”. (62 C.J.S, Municipal Corporations, § 161.)
In addition thereto, the precise wording of section 86 of the General Municipal Law appears to qualify and further explain the use of the word “ regulate ” by the inclusion of the phrase, “ and the hours within which the various types of commercial and business activities may be conducted on Memorial Day ’ ’.
The opinion of this court is that the Legislature in enacting section 86 of the General Municipal Law intended to give municipalities regulatory powers with respect to the celebration of Memorial Day, only to the extent however, of permitting the *806 municipalities to provide by ordinance, the particular hours of the day during which commercial and business activities may be suspended, in order not to conflict with appropriate ceremonies or formal observances of the occasion. An ordinance which compels the closing of such businesses for the entire day is in excess of the legislative intent. Were the legislative intent to permit a village by ordinance to prohibit all business activity on Memorial Day, it would have so provided in clear, unambiguous language.
Accordingly, it is, therefore,
Ordered that the judgment of conviction herein is reversed on the law and facts, the information dismissed and the fine remitted.