Gilbert M. Landy, J.
The defendant is charged with violating section 3 of General Ordinance 152-1957, as amended by General Ordinance 23-1963, of the City of Yonkers, The ordinance now is designated as chapter 66 of the Code of Ordinances of the City of Yonkers.
It is alleged in the information, that on May 30, 1967, at about 4:25 p.m., the defendant, the manager of Kaufman Carpets, Inc., store located at Cross County Shopping Center, in Yonkers, sold or offered for sale, carpets or carpeting at the store in violation of the ordinance.
Chapter 66-1 provides as follows: “66-1. Memorial Day observance. The legal holiday known as Memorial Day, being *114 by general consent set apart for rest, repose and patriotic observances and uses, and the observance thereof being for the general welfare and health of the community, the doing of certain acts hereinafter specified, which are deemed serious interruptions and desecrations of the repose and patriotic liberty and sentiment of the community, are prohibited.”
Chapter 66^3 reads: ‘ ‘ 66-3. Public traffic on Memorial Day. All manner of public selling or offering for sale of any property upon such holiday is prohibited, except as follows: ” Section 3 then specifies certain exceptions from the prohibition contained above. However, the sale of, or the offering' for sale, of carpets or carpeting, is not enumerated among the exceptions specified therein.
’The defendant moves to dismiss the information on the ground that there is no authority in law which authorizes the City of Yonkers to “prohibit” the business activities of the defendant on Memorial Day, May 30, 1967.
The issue is limited to the question of whether or not the word “regulating” contained in section 86 of the General Municipal Law includes the authority to the city to “ prohibit ” the business activities of the defendant on Memorial Day.
■Section 86 of the General Municipal Law reads as follows: “ § 86. Regulation of commercial and business activities on Memorial day and Independence day. The municipal officers and boards in the several cities, towns and villages of this state now having the authority to enact ordinances, may adopt ordinances regulating the nature of commercial and business activities that may be conducted on Memorial day and Independence day and the hours within which the various types of commercial and business activities may be conducted on Memorial day and Independence day. Provision shall be made in such ordinances for punishment of violations thereof. ’ ’
It is contended by the defendant, that if the Legislature had intended to authorize municipalities to ‘ ‘ prohibit ’ ’ commercial and business activities on Memorial Day, the specific word of prohibition would have been employed in section 86, in a manner similar to that which is found in the 'Sabbath Law (General Business Law, art. 2, §§ 2, 8 [formerly Penal Law, §§ 2140, 2146]).
On that premise, the defendant contends that the prohibition against the sale of carpets on Memorial Day contained in section 66 of the 'Code of Ordinances of the City of Yonkers exceeds the power given to the city by the provisions of section 86 of the General Municipal Law.
*115 It is fundamental that a city has no authority to act in excess of the power granted to it toy the Legislature (Brooklyn City R. R. Co. v. Whalen, 191 App. Div. 737, 739; Board of Educ., Dist. No. 4 v. Board of Educ. of City of Rochester, 43 Misc 2d 803, affd. 23 A D 2d 805; Jewish Consumptives’ Relief Soc. v. Town of Woodbury, 230 App. Div. 228, 234, affd. 256 N. Y. 619; Robia Holding Corp. v. Walker, 257 N. Y. 431, 438).
Thus, the definition and the meaning of the word 1 ‘ regulate ’ ’ and the intent of the Legislature in incorporating that word in section 86 of the General Municipal Law is the subject of specific focus of the court in this case.
Several cases contain illustrations of the recognition of a difference between regulation and prohibition. As said by Judge Dillon, in Oil City Discount Center v. City of Yonkers (53 Misc 2d 191, 194): “ There is a wide difference between regulation and prohibition.” In Peoples Dairy v. City of Lackawanna (1 Misc 2d 700; 703) we find these words: “ There is a substantial difference between 1 prohibition ’ and 1 regulation ’.” (See, also, cf. Defiance Milk Prods. Co. v. Du Mond, 309 N. Y. 537, 541.)
In Cronin v. People (82 N. Y. 318) the Charter of the City of Albany (L. 1870; tit. 3, § 12, subd. 14), authorized the City of Albany to enact ordinances “ to regulate the erection, use and continuance of slaughter-houses.” The city enacted such an ordinance, the violation of which was made .a misdemeanor.
The defendant was charged with slaughtering cattle, in a prohibited area of the city.
The defendant contended that the authority to ‘1 regulate ’ ’ could not be construed to permit a total “ prohibition ” in the particular areas of the city specified in the ordinance. The court held that the specific words ‘ ‘ to regulate the creation, use and continuance of slaughter-houses,” contained in the •Charter of the city indicated that it was intended to authorize the city to prohibit the continuance of the industry (p. 322). However, the court indicated the general rule as follows (p. 322): “As a general rule, with, perhaps, occasional exceptions, through all the paragraphs of the section where some act or thing is not to be permitted at all, anywhere or in any locality, a more restrictive word than ‘ regulate ’ is used; as, ‘ to prevent and remove ’ obstructions in the streets; where the act or thing is such ,as may be permitted under proper restraint, at convenient times, in suitable localities, the word ‘ regulate ’ is used; and where the act is one which it may be wise either to permit under appropriate restraints, or to wholly prohibit, the two words are used ‘ to regulate or prevent ’ ”.
*116 Similar observations were made in City of Rochester v. West (164 N. Y. 510). And see 'Corpus Juris Secundum (vol. 62, Municipal 'Corporations, § 161) in which it is stated: “the power to regulate necessarily implies the power to permit conditionally the doing of a thing, power to regulate ordinarily does not include power to prohibit or suppress. Prohibition is not the equivalent of regulation; and ordinances of prohibition, direct or indirect, enacted under the power of regulation only are generally unwarranted ’ ’.
In the case of Thousand Island Park Assn. v. Tucker (173 N. Y. 203, 210) the court said: 1 ‘ The power to regulate a useful trade does not authorize its prohibition ’ ’.
In Peace v. McAdoo (110 App. Div. 13) the Charter of the City of New York authorized the Police Commissioner to “ regulate ” traffic on the streets of the city. The issue in the case was whether that authorization included the right to ‘ ‘ prohibit ’ ’ such traffic. At page 15, the court stated: “ I think that he could not, for the reason that power to regulate is not power to prohibit.”
Finally, the case of People v. Martins of Hempstead (55 Misc 2d 802) is most pertinent. There the issue was whether the power to “regulate” in section 86 of the General Municipal Law included the power to ‘1 prohibit ’ ’. That is the same question as is presented here. There, the ordinance of the Village of Hempstead prohibited the conduct of ‘ ‘ all trades, manufacturers ” on May 30, known as Memorial Day. The defendant had been convicted in the Police Court of having its paint store open for business at 9:35 a.m. on Memorial Day, 1966. The County Court reversed the Police Court in these words (pp. 805-806):
11 In addition thereto, the precise wording of section 86 of the General Municipal Law appears to qualify and further explain the use of the word ‘ regulate ’ by the inclusion of the phrase, ‘ and the hours within which the various types of commercial and business activities may be conducted on Memorial Day’.
‘ ‘ The opinion of this court- is that the Legislature in enacting section 86 of the General Municipal Law intended to give municipalities regulatory powers with respect to the celebration of Memorial Day, only to the extent however, of permitting the municipalities to provide by ordinance, the particular hours of the day during which commercial and business activities may be suspended, in order not to conflict with appropriate ceremonies or formal observances of the occasion. An ordinance which compels the closing of such 'businesses for the entire day *117 is in excess of the legislative intent. Were the legislative intent to permit a village by ordinance to prohibit all business activity on Memorial Day, it would have so provided in clear, unambiguous language.”
The court is in complete agreement with the paragraph quoted above, from the Martins case. It adopts the principle of law specified therein.
It follows, from what is said above, that the information is dismissed and the defendant is discharged.