Alexander W. Kramer, J.
These matters have been submitted for determination upon an agreed statement of facts.
The defendants are charged with selling prohibited items on Memorial Day and Independence Day in violation of section 2 of article 409 of the Islip town ordinance. It is alleged in defendant Nathan Nierel’s information that he while manager of the *365 Bay Shore Farmer’s Market, located in Islip Township did permit the sale of one white bar towel on May 30, 1969. The information in the case of defendant Max Leshaw alleges that with the intent to sell, he permitted and authorized one Elaine Levich to sell a phonograph record for $.73 on July 4, 1969 at the Bay Shore Farmer’s Market in the Town of Islip. The Islip Memorial and Independence Day Ordinance prohibits all business and commercial activities except for the sale of foods, drugs, certain vehicular equipment, flowers, souvenirs and bait. The questions before the court are whether the defendants violated section 2 of the Islip Memorial and Independence Day Ordinance and whether said section is constitutionally valid.
It is well established that legislative enactments carry a strong presumption of constitutionality (Paterson v. University of State of N. Y., 14 N Y 2d 432; Martin v. State Liq. Auth., 43 Misc 2d 682, affd. 15 N Y 2d 707). While this is rebuttable, unconstitutionality must be demonstrated beyond reasonable doubt. Every intendment is in favor of validity and a party alleging unconstitutionality has a heavy burden and the court will only strike down a legislative enactment as a last resort (Martin v. State Liq. Auth., supra; Matter of Van Berkel v. Power, 16 N Y 2d 37).
Section 2 of article 409 of the Islip Town Ordinance is very similar in wording to section 9 of the General Business Law. Section 9 prohibits all manner of public selling on Sunday except for the sale of food, drugs, certain vehicular equipment, newspapers, magazines, souvenirs, bait and cemetery monuments. Section 9 of the General Business Law is what is commonly referred to as a Sabbath Day Ordinance. Sabbath Day Ordinances which prohibit the carrying on of some business but allow others to be conducted on the Sabbath are constitutional and do not violate one’s right to equal protection of the law (McGowan v. Maryland, 366 U. S. 420; Two Guys v. McGinley, 366 U. S. 582; People v. Friedman, 302 N. Y. 75). In the Friedman case the Court of Appeals stated (p. 80): “ The statutory scheme is that of a general prohibition against specified activities on Sunday with some exceptions as to necessities, recreation and conveniences, many of which exceptions merely emphasize that the Legislature recognizes Sunday as a day for rest, play, relaxation and recreation rather than merely as a religious Sabbath. The statutory scheme viewed as a whole is a valid one and does not constitute discrimination ’ ’.
The court believes that the rationale behind the Memorial and Independence Day Ordinance is generally the same as that behind the similarly worded Sabbath Day Ordinance. Memorial *366 Day and Independence Day are legal holidays on which people should he able to rest and relax. They are also two days set aside to pay homage to those who have given their lives for our country and to commemorate perhaps the greatest event in our Nation’s history — the signing of the Declaration of Independence. The Sabbath besides being a day of rest and relaxation is set aside to allow people to worship their God. In neither instance is the carrying on of any but necessary commercial enterprise proper.
The State Legislature evidenced the intent of treating Memorial Day and Independence Day as special by passing section 86 of the General Municipal Law. Section 86 provides: ‘ ‘ The municipal officers and boards in the several cities, towns, and villages of this state now having the authority to enact ordinances, may adopt ordinances regulating the nature of commercial and business activities that may be conducted on Memorial day and Independence day and the hours within which the various types of commercial and business activities may be conducted on Memorial day and Independence day. Provision shall be made in such ordinances for punishment of violations thereof.”
Section 86 is the source of a municipality’s right to pass ordinances concerning Memorial Day and Independence Day. The key problem revolves around whether the legislative grant of a right to regulate the nature of business includes the right to prohibit the transaction of business by certain commercial enterprises. In People v. Martins of Hempstead (55 Misc 2d 802) a village ordinance providing that all trades, manufactures, agricultural or mechanical employments on Memorial Day were prohibited except when the same were works of necessity, exceeded the power granted to the village under section 86 of the General Municipal Law — said the court.
In People v. Kaufman Carpets (59 Misc 2d 113) the defendant was charged with violating an ordinance by selling or offering to sell carpets on Memorial Day. The defendant moved to dismiss the information on the ground that there was no authority in law authorizing the City of Yonkers to prohibit the business activities of the defendant on May 30, 1967. Judge Gilbert Laudy of the Court of Special Sessions, City of Yonkers in granting the motion stated (pp. 116-117): “ The opinion of this court is that the Legislature in enacting section 86 of the General Municipal Law intended to give municipalities regulatory powers with respect to the celebration of Memorial Day, only to the extent however, of permitting the municipalities to provide by ordinance, the particular hours of the day during which *367 commercial and business activities may be suspended, in order not to conflict with appropriate ceremonies or formal observances of the occasion. An ordinance which compels the closing of such businesses for the entire day is in excess of the legislative intent. Where the legislative intent to permit a village by ordinance to prohibit all business activity on Memorial Day, it would have so provided in clear, unambiguous language.”
A contrary view of the Legislature’s intent in allowing municipalities to regulate the nature of commercial and business activities on Memorial and Independence Day was taken by the District Court of Suffolk County in People v. Glick (Orgera, J, IS-CR-413/69, Dec. 29, 1969). The issue in that case also was the constitutionality of section 2 of article 409 of the Islip Town Ordinance. The court in the Glide case cited five documents to indicate the legislative intent in passing section 86 of the General Municipal Law. The first document was a letter from the State Comptroller to the Governor stating that section 86 “ could conceivably permit municipalities to regulate or prohibit every business, even the retail drug business.” The second document yras a memorandum from the Conference of Mayors stating that section 86 is ‘ ‘ permissive in nature and permits the governing body of a municipality to decide the type of business that shall be conducted on Memorial Day. ’ ’ The third document was a letter from the New York State Council of Betail Merchants Inc. stating that commercial activity on a long-established holiday is undesirable and unnecessary and municipalities should be able to enact ordinances to maintain and strengthen the observance of Memorial Day and to give the workers in New York State a holiday. Finally the court in People v. Glick cited a letter from the Veterans of Foreign Wars indorsing the passage of section 86 as well as a resolution of the American Legion sponsoring the Memorial and Independence Day legislation stating that the memories and sacredness of the day have been violated by the commercialism of many stores in not only remaining open unnecessarily, but staging so-called Memorial Day sales.
Judge Obgeba in upholding the constitutionality of the Memorial and Independence Day Ordinance stated:
" Where the legislative law decrees that a municipality may adopt ordinances regulating the nature of commercial and business activities that may be conducted on Memorial Day; can it reasonably be said that such a broad decree of power could be effectively enforced without including the power to prohibit?
" The language of the statute supports the interpretation of the State" Comptroller and the other interested groups. It *368 authorizes local municipalities to enact ordinances regulating the nature of commercial and business activities. The power to regulate the ‘ nature of commercial and business activities ’ encompasses the right to decide which type of business may be conducted and consequently what businesses may not be so conducted.
‘ ‘1 That the phrase does not have the more restricted meaning urged upon the court is made clearer by the additional phrase in the statute ’ and the hours within which the various type of commercial and business activities may be conducted. 1 If we were to accept the more limited meaning of the phrase, then these additional words would be redundant and add nothing to the statute.’ ”
The constitutionality of the Islip Memorial and Independence Day Ordinance should be upheld. The ordinance carries a strong presumption of constitutionality which must be disproved beyond a reasonable doubt. It is similar in wording and intent to Sabbath Day laws which have been held to be nonviolative of the equal protection clause of the United States Constitution. Section 86 of the General Municipal Law, which states that municipalities “may adopt ordinances regulating the nature of commercial and business activities that may be conducted on Memorial day and Independence day and the hours within which the various types of commercial and business activities may be conducted on Memorial day and Independence day” (italics added) can only be given its intended effect by permitting the prohibition of certain types of business on those holidays. To interpret section 86 more restrictively would make the words “ regulate the nature of business ” meaningless and the words “ and the hours within which various types of commercial and business activities may be conducted on Memorial day and Independence day,” redundant.
The defendants are accordingly found guilty as charged. They shall appear before the undersigned to.whichever part of the court the undersigned may be assigned on June 9, 1970, at 9:30 o’clock in the forenoon thereof for sentence.