S. E. NICHOLS HERKIMER CORPORATION, Appellant, *v.* VILLAGE OF HERKIMER et al., Respondents.

Fourth Department, June 30, 1970.

*Basloe, Basloe & Gallagher* (*Evalyn Basloe* of counsel), for appellant.

*F. Arthur Fagan* for respondents.

GOLDMAN, P. J. In this declaratory judgment action, plaintiff-appellant seeks to have an ordinance, which made it unlawful, with some few exceptions, to sell any article on Memorial Day and Independence Day, declared unconstitutional, illegal and invalid. Special Term denied appellant's summary judgment motion and granted summary judgment to respondent, holding the ordinance " to be constitutional, legal, valid and effective ". The ordinance prohibited commercial and business activities and provided that it was " unlawful " to sell or offer any article for sale during the hours of 9:00 A.M. to 6:00 P.M., which are generally accepted business hours, on the two holidays.

The critical issue is whether the ordinance is essentially a regulatory or prohibitory statute. We find it prohibitory in scope and therefore hold that it exceeds the powers granted to the village by section 86 of the General Municipal Law (*Jewish Consumptives' Relief Soc.* v. *Town of Woodbury*, 230 App. Div. 228, 234, affd. 256 N. Y. 619). The authority of the village is derived from express grant and it may not exceed the specific powers granted to it by the Legislature. Section 90 of the Village Law confers power to enact ordinances " not inconsistent with existing law " for the preservation of good order, peace, health, safety and welfare of the inhabitants of the village. A provision prohibiting sale of articles for a reasonable period would be proper and valid in the interest of avoiding conflict with appropriate ceremonies or formal observance of the national holidays, but the restrictive period should not be so unduly long as to prohibit and suppress rather than to regulate (*Peace* v. *McAdoo*, 110 App. Div. 13, 15; *People* v. *Martins of*

*Hempstead,* 55 Misc 2d 802, 805). "Prohibition is not the equivalent of regulation" (62 C. J. S., Municipal Corporations, § 161).

As indicated, we are concerned with the "welfare" of the village, and its welfare, as well as that of the entire Nation, is importantly served by due observance of our national holidays. However, the welfare of a community is best served only where laws are enacted which are "not   *   *   *   unreasonable, arbitrary or capricious, and   *   *   *   the means selected   *   *   * have a real and substantial relation to the object sought to be attained." (*Nebbia* v. *New York,* 291 U. S. 502, 525.) This "means test" mandates that legislation be reasonably suited and rationally related to a valid purpose. "The judicial function is exhausted with the discovery that the relation between means and end is not wholly vain and fanciful, an illusory pretense." (*Williams* v. *Mayor,* 289 U. S. 36, 42; cf. *Grossman* v. *Baumgartner,* 17 N Y 2d 345.)

In view of our determination that by reason of its prohibitory nature the ordinance is invalid, we do not reach the challenge to its constitutionality. "It has been stated that the invariable practice of the courts is never to consider the constitutionality of state legislation unless it is imperatively required." (16 Am. Jur. 2d, Constitutional Law, § 111, p. 298; *Rosenberg* v. *Fleuti,* 374 U. S. 449, 451; *American Inst. for Imported Steel* v. *County of Erie,* 32 A D 2d 231, 234.) Our decision is bottomed squarely upon our holding that the ordinance is invalid under section 86 of the General Municipal Law.

The judgment (denominated order) denying plaintiff-appellant's motion for summary judgment should be reversed and judgment entered granting appellant's motion for summary judgment declaring the ordinance invalid.

MARSH, J. (dissenting). By section 86 of the General Municipal Law the various municipalities in the State were granted the power to "adopt ordinances regulating the nature of commercial and business activities that may be conducted on Memorial Day and Independence Day and the hours within which the various types of commercial and business activities may be conducted on Memorial Day and Independence Day". Pursuant to such authority the defendant village by local ordinance (ch. V, § 5–501) decreed it unlawful:

"in the Village of Herkimer, New York, for any person, firm or corporation to sell or offer for sale any article of property on Memorial Day or Independence Day during the hours of 9:00 A.M. and 6:00 P.M., except as follows:

"A. Prepared tobacco, bread, milk, eggs, ice, soda water, confectionary, ice cream, flowers, souvenirs, newspapers, gasoline, oil, tires, drugs, medicine, surgical supplies, fruit and vegetables, farm produce, meat, fish and poultry, fishing tackle and bait.

"B. Food for on premises consumption, catering services and spirituous or malt liquors or wines, subject to the provisions of the Alcoholic Beverage Control Laws."

In judging the validity of the ordinance our primary concern is not with the extent of financial hardship it imposes on a particular business operation such as the plaintiff's but with whether the restrictions and prohibitions of the ordinance constitute a reasonable means to effectuate the lawful purpose of providing for the appropriate observance of two patriotic holidays by veterans, employees of commercial establishments and the public generally.

As pointed out in *Good Humor Corp.* v. *City of New York* (290 N. Y. 312, 317), "Local laws are valid which have a substantial relation to matters within the field where legislative power is vested in the local legislative body of the city by the Constitution and statutes of New York. They must be reasonably calculated to achieve a legitimate public purpose". The regulation of the hours of business provided by the ordinance is in accordance with the specific authority of the General Municipal Law and there is nothing indicating that the village board sought to accomplish any unlawful purpose under the guise of regulation permitted by statute as was attempted in ordinances struck down in *Trio Distr. Corp.* v. *City of Albany* (2 N Y 2d 690); *Good Humor Corp.* v. *City of New York, supra*; *Jewish Consumptives' Relief Soc.* v. *Woodbury* (230 App. Div. 228, affd. 256 N. Y. 619), and *Peace* v. *McAdoo* (110 App. Div. 13).

The proscription of nine hours of commercial activity on Memorial Day and Independence Day meets the constitutional requirement of due process by making reasonable provision to assure noninterference with the observance of our two great national holidays and not being in excess of the statutory delegation of power to the village board the judgment should be affirmed.

WITMER and BASTOW, JJ., concur with GOLDMAN, P. J.; MARSH, J., dissents in opinion in which MOULE, J., concurs.

Judgment reversed on the law and facts, without costs, and plaintiff's motion for summary judgment declaring ordinance invalid granted.