Stewart F. Hancock, Jr., J.
The question to be determined is the validity of an ordinance of the Village of Herkimer adopted on June 7, 1971, regulating commercial and business activities on Memorial Day and Independence Day by restricting the selling of articles, between the hours of 10:30 a.m. and 3:30 p.m., to certain enumerated items such as tobacco, farm products and food for on-premises consumption.
Plaintiff, a chain store located in Herkimer, has commenced this action seeking a declaration that the ordinance is invalid upon the ground that the Board of Trustees of the village, in enacting the ordinance, has exceeded the powers granted to the village by section 86 of the General Municipal Law.
Although the matter came on as plaintiff’s application for a temporary injunction, both plaintiff and defendants have, by letter, requested the court to treat the matter as cross motions for summary judgment in the declaratory judgment action. Thus, the validity of the ordinance is directly in issue.
*784 In S. E. Nichols Herkimer Corp. v. Village of Herkimer (34 A D 2d 371) an ordinance of the Village of Herkimer (enacted in Sept., 1968), identical to the one before the court, except for the hours during which sales were restricted, was held invalid under section 86 of the General Municipal Law. The 1968 Herkimer ordinance, in effect, prohibited all sales except for the enumerated excepted items during the hours of 9:00 a.m., to 6:00 p.m., the generally accepted business hours on the two holidays. Although sales could have been conducted before 9:00 a.m. and after 6:00 p.m. ; e.g., until plaintiff’s normal closing hour of 10:00 p.m., the Appellate Division held that the restrictive period was unreasonably long and amounted to prohibition or suppression rather than regulation and hence was an unlawful exercise of power by the village.
The question, therefore, is whether the 1971 ordinance, restricting sales during the five-hour period from 10:30 a.m. to 3 :30'p.m., is unduly restrictive and is thus an illegal prohibition, on whether it is a proper exercise of the village’s power under section 86 of the General Municipal Law to ‘ ‘ regulate ’ ’ the ‘ ‘ nature of commercial and business activities ’ ’ and the ‘ ‘ hours within which the various types of commercial and business activities may be conducted on Memorial Day and Independence Day.”
Under the 1971 village ordinance, there are no restrictions ,on business or commercial activities between 9:00 a.m. and 10:30 a.m. and 3:30 p.m. and 6:00 p.m., a period of four hours out of what has been assumed to be the generally accepted nine-hour business day. Those stores, such as plaintiff and others which customarily are open for varying periods in the evenings after 6:00 p.m. could, of course, conduct business as usual during those hours.
We cannot say that this restriction on sales during the five-hour period is not a valid exercise of the Village Board’s power to regulate the ‘ ‘ hours within which the various types of commercial and business activities may be conducted on Memorial Day and Independence Day. ’ ’ That the restriction may be considered unreasonable by plaintiff or in fact impose an economic hardship on it and other commercial enterprises or even make it unprofitable to open as claimed by the plaintiff is not determinative in the opinion of this court. As the Court of Appeals has held in Grossman v. Baumgartner (17 N Y 2d 345, 349-350) “ a statute — or an administrative regulation which is legislative in nature — will be upheld as valid if it has a rational basis, that is, if it is not unreasonable, arbitrary or capricious * * * ‘ The judicial function is exhausted with the discovery that the *785 relation between means and end is not wholly vain and fanciful, an illusory pretense. ’ * * * It follows, therefore, that the legislation is valid, and this is so notwithstanding that it will occasion the discontinuance of an existing business.”
The moving papers fail to demonstrate that the ordinance does not have a “real and substantial relation” (Nebbia v. New York, 291 U. S. 502, 525) to a proper and orderly observance of the holidays; or that the relation is 11 wholly vain and fanciful, an illusory pretense.” (Williams v. Mayor, 289 U. S. 36, 42; Grossman v. Baumgartner, 17 N Y 2d 345, supra).
The Appellate Division has recognized that the welfare of the village and of the nation is “ importantly served ” by the due observance of these national holidays (S. E. Nichols Herkimer Corp. v. Village of Herkimer, 34 A D 2d 371, 373, supra); and it is the very aim of the ordinance in question to encourage ‘ ‘ the proper patriotic observance of said days.” Moreover, it is not claimed that the ordinance would not have the desired effect of encouraging patriotic observances — concededly an important and worthwhile aim. The lack of newspaper publicity concerning July 4th celebrations in previous years cited by the plaintiff is of little probative value either on the issue of what occurred in the past or what might be planned for the future. There is no affidavit concerning Memorial Day activities.
No question has been raised as to the constitutionality of the enabling statute, section 86 of the General Municipal Law.
The motions of the plaintiff for a temporary injunction and for summary judgment are denied. The cross motions of the defendants declaring that the ordinance is valid are granted.