456

S. E. Nichols Herkimer Corporation, Appellant, *v.* Village of Herkimer et al., Respondents.

Fourth Department, April 19, 1972.

*Basloe, Basloe & Gallagher (Evalyn G. Basloe* of counsel), for appellant.

*F. Arthur Fagan, Jr.,* for respondents.

Moule, J. Section 86 of the General Municipal Law grants the municipalities in the State power to enact " ordinances regulating the nature of commercial and business activities that may be conducted on Memorial day and Independence day and the hours within which * * * business activities may be conducted ".

Pursuant to such authority, defendant village enacted an ordinance on June 7, 1971 which provided in part:

" Section 5–501. It shall be unlawful, in the Village of Herkimer, New York, for any person, firm or corporation to sell or offer for sale any article of property on Memorial Day or Independence Day during the hours of 10:30 A.M. and 3:30 P.M. except as follows:

" A. Prepared tobacco, bread, milk, eggs, ice, soda water, confectionary, ice cream, flowers, souvenirs, newspapers, gasoline, oil, tires, drugs, medicine, surgical supplies, fruit and vegetables, farm products, meat, fish and poultry, fishing tackle and bait.

" B. Food for on premises consumption, catering services and spirituous or malt liquors or wines, subject to the provisions of the Alcoholic Beverage Control Laws."

Plaintiff, the operator of a department store in the village, brought an action for a judgment declaring the ordinance invalid on the grounds it exceeded the power conferred on the village by section 86 of the General Municipal Law and that it is unconstitutional. Special Term, holding that the five-hour restriction on sales from 10:30 A.M. to 3:30 P.M. was a valid exercise of the village's power and that the ordinance had a real and substantial relationship to a proper and orderly observance of the holidays, granted defendants' motion for summary judgment.

In *Herkimer Corp.* v. *Village of Herkimer* (34 A D 2d 371), this court considered the validity of a similar ordinance. Under that ordinance, sales were restricted between 9:00 A.M. and 6:00 P.M. which was the generally accepted business day. In a 3 to 2 decision, we held that the ordinance was prohibitory in scope and exceeded the powers granted to the village under section 86 of the General Municipal Law. Under the present ordinance, there is no restriction on sales from 9:00 A.M. to 10:30 A.M. and from 3:30 P.M. to however long the plaintiff may wish to remain open at night. A number of stores in the Herkimer area stay open until 9:00 P.M., and if plaintiff stayed open until 9:00 P.M. on the two holidays, it would have a continuous unrestricted sales period of five and one-half hours. We find that the present ordinance is specifically authorized by section 86 of the General Municipal Law and is not prohibitory in scope.

In *Herkimer Corp.* v. *Village of Herkimer* (*supra*) the majority did not reach the question of the constitutionality of the ordinance. Plaintiff claims that the present ordinance is unconstitutional in that it causes a deprivation of property without due process, is vague and indefinite and deprives plaintiff of equal protection of the law.

In determining whether the ordinance amounts to a deprivation of due process, we apply the " means-end " test set forth in *Nebbia* v. *New York* (291 U. S. 502). That case holds (p. 525) that " the guaranty of due process * * * demands only that the law shall not be unreasonable, arbitrary or capricious, and that the means selected shall have a real and substantial relation to the object sought to be attained." If the relation between the means and the end is not arbitrary, capricious or unreasonable, the courts cannot substitute their judgment for that of the legislative body (*Grossman* v. *Baumgartner,* 17 N Y 2d 345). Ordinances have a strong presumption of validity and the burden of proof to show that they bear no rational relationship to the end sought is on the person challenging the law (*United States* v. *Carolene Prods. Co.,* 304 U. S. 144). No such proof is present. We conclude that the restriction on sales for a period of five hours is reasonably related to the observance of these two great national holidays and, therefore, does not amount to a taking of property without due process of law.

. We find no merit to plaintiff's contention that the ordinance is unconstitutional because the word " souvenirs " is vague and indefinite. Legislation which restricts conduct must be definite and certain (*People* v. *Caswell-Massey Co.,* 6 N Y 2d 497). If men of ordinary intelligence must guess at the meaning of a restriction, it is invalid (*Trio Distr. Corp.* v. *City of Albany,* 2 N Y 2d 690). However, we perceive no such difficulty with the word " souvenirs " and believe that its meaning is clear. In any event, the ordinance must be narrowly construed (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 271; also cf. *People* v. *Shapiro,* 4 N Y 2d 597, 601).

Nor do we find any merit to plaintiff's contention that restricting sales businesses and not restricting other businesses denies it equal protection of the law. While the ordinance could have regulated other businesses, there was no necessity that it do so (*People* v. *Friedman,* 302 N. Y. 75). " There is no constitutional requirement that regulation must be comprehensive and reach every class to which it may be applied; a regulation is not unconstitutional merely because it is not all-embracing " (9 N. Y. Jur., Constitutional Law, § 299).

The judgment granting defendants' motion for summary judgment should be affirmed.

MARSH, J. P., WITMER, CARDAMONE and HENRY, JJ., concur.

Judgment unanimously affirmed without costs.