Edward F. McLaughlin, J.
Plaintiff moves by order to show cause, returnable before Special Term, September 5, 1974, for an order declaring section 16-13 of the Utica City Charter null and void and unenforceable and restraining enforcement of such section of the charter until further order of this court.
A summons and complaint was served by plaintiff in an action for declaratory judgment and issue was joined by service of an answer by defendant. After due notice to both parties, they agreed that this motion be considered as one for summary judgment under CPLR 3212 on the pleadings and records submitted, including exhibits.
The facts disclose that the defendant, City of Utica, through its Corporation Counsel’s office served a notice in writing on J. M. Fields Department Store advising that a sale of goods and merchandise on Labor Day is prohibited by the aforesaid section 16-13 of the Utica City Charter and that the store could not be open on that day, and if it were, official action would be taken to close it, under the provisions of this section of the city charter.
J. M. Fields Department Store is located in a large shopping center known as the Riverside Mall in the City of Utica, New York. The plaintiff is the manager of the Riverside Mall and has a financial and pecuniary interest in J. M. Fields Department Stores and other stores who are tenants in the mall, since he receives compensation based on total sales made by such retail stores and, therefore, has status to bring this action.
It is claimed that curtailment of the sales would result in the closing of these stores by virtue of this provision of the city charter, and thereby damage the plaintiff and that this would be a continuing condition requiring the determination of the validity of section 16-13 of the city charter and if found *1000 to be invalid, curtailment of its future use is sought in this motion for summary judgment.
The section of the charter in question, 16-13, copy of which is part of the pleadings as an exhibit, is entitled "Holiday sales; restricted, regulated”. It reads ás follows: "All manner of public selling or offering for sale of any property upon Memorial Day, Independence Day, Labor Day and Thanksgiving Day is prohibited, except as follows * * *”. The exceptions relate to the sale of food articles, meals, catering, miscellaneous articles such as tobacco, bread, milk, eggs, newspapers, magazines, etc., groceries, delicatessens, bakeries, with hours limited between 4:00 p.m. and 7:30 p.m., alcoholic beverage sales to be conducted in accordance with the existing State laws, and further provides that the provisions of section 2142 and section 2149 of the Penal Law of New York State shall apply in their entirety to any party violating this local law (section).
This section of the Utica City Charter, 16-13, depends for its legal existence on section 86 of the General Municipal Law of the State of New York entitled "Regulation of Commercial and Business Activities on Memorial Day and Independence Day.” This statute provides "the municipal officers and boards of the several cities, towns and villages of this State, now having the authority to enact ordinances and local laws, may adopt ordinances or local, laws regulating the nature of commercial and business activities that may be conducted on Memorial Day and Independence Day and the hours within which the various types of commercial and business activities may be conducted on Memorial Day and Independence Day. Provisions shall be made in such ordinances or local laws for punishment of violations thereof’.
From a reading of section 16-13 of the charter and section 86 of the General Municipal Law, it is evidence that the charter section in question, 16-13, exceeds the authority and powers granted to the city, by section 86 of the General Municipal Law in that it adds two holidays, namely Labor Day and Thanksgiving Day, which are not authorized by section 86 of the General Municipal Law.
Consideration must be given to one other issue as to whether this section 16-13 is essentially regulatory or prohibitory with the . exceptions noted as to sale of meals, food articles, caterers, miscellaneous items, groceries, delicatessens, bakeries and the dispensing of alcoholic beverages.
*1001 It would appear to be prohibitory in nature and scope and it therefore exceeds the powers granted to the City of Utica by section 86 of the General Municipal Law, which authorizes the adoption of ordinances or local laws regulating the nature of commercial and business activities that may be conducted on Memorial Day and Independence Day and the hours within which the various types of commercial business activities may be conducted on Memorial Day and Independence Day.
It is fundamental that a city has no authority to act in excess of the power granted to it by the Legislature. See People v Kaufman Carpets (59 Misc 2d 113, 115), also S.E. Nichols Herkimer Corp. v Village of Herkimer (34 AD2d 371) which held a village ordinance invalid under section 86 of the General Municipal Law which ordinance decreed it unlawful in the Village of Herkimer for any person, firm or corporation to sell or offer for sale any article of property on Memorial Day or Independence Day during the hours 9:00 a.m. and 6:00 p.m. with certain exceptions as to tobacco, bread, milk, eggs, drugs, medicines, etc., as well as food consumed on the premises, catering service and liquors or wines, subject to the provision of the alcoholic beverage control laws. This was held to be an invalid ordinance since it exceeded the regulatory powers set forth in section 86 of the General Municipal Law. In the instant case, it is evident that section 16-13 of the Utica City Charter discloses that the General Municipal Law allows regulation of the hours of sale by a local law or ordinance on Memorial Day and Independence Day, and, therefore, section 16-13 of the charter exceeds the authority of the enabling statute, section 86 of the General Municipal Law.
The court, having reviewed the pleadings and exhibits, on this case submitted to the court on the motion for summary judgment by the plaintiff in his action for declaratory judgment, and after due deliberation, finds that the section of the Utica City Charter, 16-13, is invadid and, therefore, unenforceable since it exceeds the powers granted to the city by section 86 of the General Municipal Law by adding Labor Day and Thanksgiving Day in the aforesaid section and is prohibitory rather than regulatory which is beyond the scope of the authority granted by section 86 of the General Municipal Law which refers only to regulation of sales and hours thereof on Memorial Day and Independence Day. Therefore, plaintiff’s motion for summary judgment declaring section 16-13 of the Utica City Charter invalid and unenforceable is granted.