Warren M. Doolittle, J.
Defendants’ motion to dismiss the informations is denied. Stay of prosecution contained in the order to show cause of August 17, 1976 is vacated.
Defendants move to dismiss the informations against them on the theory that the statute allegedly violated by these defendants is unconstitutional.
The statute involved is section 1 of chapter 114 of the Code of the Town of Hempstead. That section reads as follows:
"§ 114-1. Prohibited activities; hours; exception.
"All trades, manufacturers and agricultural or technical employments, upon the 30th day of May, known as 'Memorial Day,’ and on the fourth day of July, known as 'Independence Day,’ and, if either day is a Sunday, the next day thereafter, are hereby prohibited between the hours of 9:00 a.m. and 2:00 p.m. on that day, except that when the same are works of necessity, they may be performed on that day in their usual and orderly manner so as not to interfere with the observance of said day.”
The movants rely on two decisions to support their position. They claim that the statute involved here is just as unconstitutional as those involved in People ex rel. Arlotta v Korvettes (NYLJ, July 16, 1976, p 8, col 5) as well as People v Abrahams (40 NY2d 277). This court however does not agree that the fact pattern or the statute involved in the cases before this court are alike. In Korvettes the statute before the court purported to prohibit commercial sales altogether on Memorial Day and Independence Day with certain exceptions. In Abrahams the statute involved also referred to a prohibition of commercial sales on Sundays but also made certain exceptions. The Court of Appeals in Abrahams made it clear that the unconstitutionality of the statute was not as a result of any per se violation or reasoning, but because the statute could not be uniformly enforced due to its vagueness, ambiguity, and inconsistency. As the Court of Appeals aptly put it, there was a "crazy quilt” of exceptions which made it difficult to enforce the statute.
In the case before us there is no such situation. The provision which the defendants are accused of violating did not set up the same type of prohibitions as were involved in Abrahams and Korvettes. As can be gathered from a reading of the ordinance this was merely a regulation of business hours and *1100 not a prohibition of business on the two holidays with which the section deals.
Under an almost identical set of circumstances the Appellate Division held that an ordinance closing businesses from 10:30 a.m. to 3:30 p.m. on Memorial Day and Independence Day was a reasonable regulation in the interest of avoiding conflicts with ceremonies and observances of those national holidays. (S.E. Nichols Herkimer Corp. v Village of Herkimer, 69 Misc 2d 783, affd 38 AD2d 456.)
Since to this court the power to regulate implies limiting and controlling where necessary certain activities of all the citizens, this court finds that the ordinance provides for fair regulation, and is not in any sense prohibitive of the conduct of business on the days involved. (See 62 CJS, Municipal Corporations, § 161.)
And as long as the relationship between the means used and the end desired to be accomplished is not arbitrary, capricious or unreasonable our courts cannot substitute their judgment over that of a legislative body. (See Grossman v Baumgartner, 17 NY2d 345.) Accordingly, the court finds that the statute involved is not unconstitutional, and therefore the informations must stand.