OPINION OF THE COURT
Aaron E. Klein, J.
Plaintiffs seek summary judgment (CPLR 3212) in this action for a declaratory judgment. (CPLR 3001.) The defendant, County of Ulster, has opposed the application of the plaintiffs, and cross-moves (CPLR 2215) for summary judgment against the plaintiffs.
The plaintiffs are composed of a corporation doing business in the Town and County of Ulster, and the president of a union whose members are employed by the plaintiff corporation. The defendant, County of Ulster, enacted in 1968 a Local Law No. 1 by its legislature.
The object of the local law, which is being attacked in this proceeding by the plaintiffs, according to its terms, is “to regulate commercial and business activities on Memorial Day in the County of Ulster.” It contains seven separate sections, with the restriction of trade and business the concern of the first two sections. In section 3, it prohibits the use of advertising which employs language mentioning Memorial Day. In section 4, it provides for the observance of Memorial Day services throughout the respective villages, towns and cities within the county. In section 5, the local law specifies penalties which include a fine up to $1,000, as well as imprisonment of not more than 30 days. The sixth section has a saving clause seeking to *607 confine any invalidity or impairment of the local law by a court to such portions that are found objectionable, and preserving the remainder of it. The last section makes the local law effective immediately.
The plaintiffs have brought a broad-based attack on the local law’s validity. They argue that the county lacks the requisite power to regulate business on Memorial Day, the local law prohibits rather than regulates business, and the prohibition regarding advertising is unconstitutional due to its vagueness and impermissible restraint on free speech and expression. On the other hand, the county contends that the local law is a reasonable exercise of the county’s power under section 10 (subd 1, par a, cl [12]) of the Municipal Home Rule Law. Furthermore, the county urges that under the case of S.E. Nichols Herkimer Corp. v Village of Herkimer (38 AD2d 456), Local Law No. 1 of 1968, if it is found to be prohibitory because of the length of time during which business is restricted, the court should, under the saving clause contained in section 6, limit the language of the local law to regulation of business between the hours of 10:30 a.m. and 3:30 p.m. Additionally, the county contends that the local law is neither vague nor overly broad in restricting commercial speech. Lastly, it points out that the plaintiffs concede the right to have county businesses closed for 15 minutes during the local public memorial services.
The court will strike down Local Law No. 1 for 1968 on the ground that the county lacks statutory authority to promulgate such a law. In section 86 of the General Municipal Law, the following language regarding the regulation of commercial and business activities on Memorial Day and Independence Day is found: “The municipal officers and boards in the several cities, towns and villages of this state now having the authority to enact ordinances and local laws, may adopt ordinances or local laws regulating the nature of commercial and business activities that may be conducted on Memorial day * * * Provision shall be made in such ordinances or local laws for punishment of violations thereof.” (Emphasis supplied.) The foregoing language mentions specifically villages, towns and cities while conspicuously omitting counties. However, section 2 *608 of the General Municipal Law defines a municipal corporation to include a county in addition to the foregoing municipal entities. The county does not claim that its authority springs from section 86, but rather, urges that section 10 (subd 1, par a, cl [12]) of the Municipal Home Rule Law provides the authority in the following language which grants the county “the power to adopt local laws providing for the regulation or licensing of occupations or businesses”.
In this court’s view, section 86 of the General Municipal Law, by omitting counties from the municipal corporations empowered to regulate business activities on Memorial Day, evidences as “irrefutable inference” that the State Legislature intended to restrict the county’s power. (See Patrolmen’s Benevolent Assn. of City of N. Y. v City of New York, 41 NY2d 205, 208-209.) The State Legislature having spoken specifically regarding commercial and business regulation on Memorial Day, has demonstrated its intention to exclude counties from the regulation of Memorial Day business. The court notes that section 10 (subd 1, par a, cl [12], subcl [b]) limits the power of a county to regulate a license, occupancy or business within a city. It would appear, however, that the specificity found in section 86 would be redundant if this court were to find that the general and broad powers granted a county under section 10 were to include the regulation of business on Memorial and Independence Day and by interpreting the Legislature’s omission of counties from section 86 in this manner, the court can interpret it harmoniously with section 10 of the Municipal Home Rule Law.
Additionally, the court notes that the local law in issue prohibits, as opposed to regulates, the conduct of business on Memorial Day. (Compare S.E. Nichols Herkimer Corp. v Village of Herkimer, 34 AD2d 371, with S.E. Nichols Herkimer Corp. v Village of Herkimer, 38 AD2d 456, supra; see, also, People v Martins of Hempstead, 55 Misc 2d 802; People v Kaufman Carpets, 59 Misc 2d 113; Wilcox v City of Utica, 80 Misc 2d 998.) This court would not pare and sever the objectionable portions of the local law since it would be removing what appears to be the most vital portions of the law.
*609 In sum, the court grants summary judgment to the plaintiffs, declaring Local Law No. 1 of 1968 to be an invalid exercise of the defendant’s power. The defendant’s request for summary judgment is in all respects denied.